UNITED STATED DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RECEIPT # 64152
AMOUNT $ 250
SUMMONS ISSUED Y-1
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. M
DATE 5-10-05

ARMOR SYSTEMS INTERNATIONAL, INC.,
   Plaintiff,

v.

FIRST CHOICE BODY ARMOR & EQUIPMENT, INC.,
   Defendant.

Civil Action No.: 05-10967 RCL

**COMPLAINT AND JURY DEMAND**   MAGISTRATE JUDGE Alexander

1. Plaintiff Armor Systems International, Inc. ("ASI" or "Plaintiff") is incorporated under the laws of the State of Washington and has its principal place of business at 110 Columbia Street, Vancouver, Washington, 98660.

2. Upon information and belief, Defendant First Choice Body Armor & Equipment, Inc. ("First Choice" or "Defendant") is incorporated under the laws of the Commonwealth of Massachusetts and has its principal place of business at 764 North Main Street, Brockton, Massachusetts, 02301.

**JURISDICTION AND VENUE**

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Venue is proper in this district because a substantial part of the events giving rise to the claims occurred here and Defendant resides here.

5.  The court has personal jurisdiction over Defendant because it resides and does business in the Commonwealth of Massachusetts, and has caused events to occur within the Commonwealth of Massachusetts out of which the complaint arises.

### ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

6.  Plaintiff ASI designs and develops advanced anti-weapon technology, primarily armor.

7.  By email dated August 10, 2004, in response to First Choice's request, ASI confirmed that ASI agreed to sell First Choice an armor protection package for 16 Ford Excursions at $41,500 per vehicle, FOB Tigard, Oregon. The price included the cost of ASI personnel assisting in the installation of the armor on three or four vehicles.

8.  On or about October 13, 2004, First Choice provided ASI with First Choice's purchase order Number 774 for armor protection packages for 16 Ford Excursions with a unit price of $29,175 which, after certain deductions First Choice took for itself, came to $28,000 per vehicle, or $444,000 total. The purchase order specified that ASI provide armor installers to work on the first four vehicles, as the parties had discussed. The purchase order also provided for a 25 percent deposit with the balance to be paid 30 days from the date of completion of each vehicle.

9.  On November 23, 2004, counsel for First Choice sent to ASI a draft bilateral agreement covering the armor protection packages for 16 Ford Excursions. ASI did not accept that draft agreement and it was never executed by the parties. Among the terms in First Choice's draft were that First Choice was to purchase the vehicles, ASI was to furnish the armor packets and ASI is to send two technicians to install four kits. No delivery date is specified.

10. First Choice agreed to hire and pay for a crew of skilled laborers that would learn to install armor by assisting ASI on the first three or four vehicles.

11. First Choice represented that it would hire a crew consisting of at least four mechanics or body shop workers from Rodman Ford, a Ford dealership in Foxboro, Massachusetts, and four to six similarly skilled workers that First Choice would engage especially for the project.

12. First Choice was solely responsible for installation of the armor on vehicles 5 through 16.

13. In early February 2005, the armor kits began to arrive in Foxboro, Massachusetts.

14. On or about February 7, 2005 ASI's installation team, consisting of its chief technology officer and three skilled workers, arrived in Foxboro, Massachusetts.

15. It was then that ASI discovered that only one skilled laborer, a Rodman Ford mechanic, had been hired by First Choice for the armor installation phase of the project.

16. First Choice assigned an unskilled worker, and son of its President, as project supervisor. The supervisor was occasionally asked to run errands, such as picking up supplies. When asked to do so, however, the supervisor would leave the job site and not return promptly, leaving the skilled workers without necessary supplies and causing project delays.

17. Eventually First Choice hired a second skilled worker, but regularly assigned him errands that did not relate to the vehicle armor project. As a consequence, he was sometimes unavailable to work on the project.

18. First Choice was to provide eight to ten skilled workers to assist with the armor installation on vehicles 1 to 4 and to install the armor on vehicles 5 to 16. Ultimately it provided two skilled workers or 20 percent to 25 percent of the labor force it committed to provide. By

3

failing to provide the work force as agreed, First Choice slowed the armor installation process and delayed completion and delivery of the vehicles.

19.  Among the aspects of the project for which First Choice was responsible was the upholstery in the armored vehicles. Rather than hire a vehicle upholsterer, however, First Choice hired a semi-skilled worker at $100 a vehicle to do a "quick wrap."

20.  First Choice was to arrange with Rodman Ford for space and storage areas adequate for the project.

21.  Upon arriving on site, ASI discovered that First Choice had failed to do so and the installation team was forced into cramped quarters. Among other things, First Choice's failure to arrange for adequate work and storage space meant that the project team did not have ready access to parts and equipment. On many occasions, ASI personnel were forced to dig through the snow in search of armor parts.

22.  The inadequate space substantially delayed the armor installation by making it more difficult and less efficient.

23.  Accessories, electrical components and detailing for final inspection of the armored vehicles, all of which was First Choice's responsibility, was not coordinated at all, further delaying completion and delivery of the vehicles.

24.  After ASI's team and the armor arrived in Foxboro, First Choice made changes to the armor system on an almost daily basis. First Choice added about 20 pieces of armor not called for in the specifications.

25.  Each time First Choice added a new piece of armor, ASI's crew in Foxboro was forced to spend time cutting new designs and preparing templates to provide to First Choice's ballistic steel supplier. Typically, it took the supplier about a week to fabricate a new part.

26. First Choice continued to make changes throughout the installation process. If First Choice made a change on the armor to vehicle number 8, vehicles 1 through 7 had to be retrofitted with that change. First Choice's multiple last minute changes delayed the project many, many weeks.

27. Several of First Choice's "new" parts were rejected by the end customer as inappropriate and unwanted.

28. When the first two vehicles were completed, the end customer sent a representative to Foxboro to inspect the vehicles. After inspection, he prepared a punch list of small changes and adjustments to the armor. The team promptly made those changes and the inspector approved the armor as installed in the two vehicles.

29. The two vehicles were then shipped to the end customer in Texas. The end customer rejected both vehicles because of the poor upholstery job and low-end appearance of the vehicles.

30. First Choice then hired a professional upholsterer in Texas to install upholstery on the two vehicles rejected by the end customer. After inspecting that work, the end customer accepted both vehicles.

31. The end customer raised no issue of concern regarding the armor.

32. The armor kits ASI supplied, when properly installed, were acceptable to First Choice's end customer.

33. By the week of March 21, 2005, the armor was fully installed on eight vehicles, largely due to the efforts of ASI's team which, at the urging of First Choice, stayed on after the first four vehicles were completed.

## FIRST CLAIM FOR RELIEF

(Breach of Contract—Armor Kits)

44. ASI realleges the allegations set out above.

45. ASI fully performed all its obligations under the contract for armor kits for 16 Ford Excursions.

46. Defendant has breached that contract by refusing to pay $333,000 due and owing.

47. ASI has been damaged as a result of Defendant's breach in an amount to be determined at trial, but not less than $333,000.

## SECOND CLAIM FOR RELIEF

(Breach of Implied Covenant of Good Faith and Fair Dealing—Armor Kits)

48. ASI realleges the allegations set out above.

49. The parties' agreement contains an implied covenant of good faith and fair dealing.

50. Through the actions described above, Defendant has breached the covenant of good faith and fair dealing.

51. As a direct result of Defendant's breach of its duty of good faith and fair dealing, Plaintiff has suffered damages in an amount to be determined at trial, but not less than $333,000.

## THIRD CLAIM FOR RELIEF

(Breach of Contract—Services)

52. ASI realleges the allegations set out above.

53. At First Choice's insistence, ASI kept its armor installation team on site in Foxboro, Massachusetts about six weeks longer than would have been necessary had First Choice hired a full skilled crew and had First Choice not otherwise delayed the project.

7

54. First Choice's insistence that the ASI crew remain in Foxboro resulted in out-of-pocket costs and lost labor to ASI of not less than $80,000.

55. ASI has been damaged as a result of Defendant's breach in an amount to be determined at trial, but not less than $80,000.

## FOURTH CLAIM FOR RELIEF

(Breach of Implied Covenant of Good Faith and Fair Dealing—Services)

56. ASI realleges the allegations set out above.

57. The parties' agreement contains an implied covenant of good faith and fair dealing.

58. Through the actions described above, Defendant has breached the covenant of good faith and fair dealing.

59. As a direct result of Defendant's breach of its duty of good faith and fair dealing, Plaintiff has suffered damages in an amount to be determined at trial, but not less than $80,000.

## FIFTH CLAIM FOR RELIEF

(Promissory Estoppel—Services)

60. ASI realleges the allegations set out above.

61. By the acts described above, Defendant made a promise which it should reasonably have expected to induce action or forbearance of a definite and substantial character by Plaintiff.

62. Defendant's promise did in fact induce such action or forbearance.

63. As a result of these actions, injustice can only be avoided by enforcing Defendant's promise to provide Plaintiff with fair compensation for its services not required by the armor kits agreement.

64. As a direct result of the Defendant's conduct, Plaintiff has suffered damages in an amount to be determined at trial, but not less than $80,000.

### SIXTH CLAIM FOR RELIEF

(Breach of Contract—Skid Plates)

65. ASI realleges the allegations set out above.

66. Via Purchase Orders 939 and 1085, First Choice ordered from ASI skid plates for four Chevrolet Suburbans.

67. ASI delivered to First Choice fully conforming skid plates which First Choice accepted.

68. By Invoices 212 and 213 dated March 2, 2005, ASI billed First Choice $25,600 for the skid plates, as agreed. First Choice has refused to pay.

69. As a direct result of the Defendant's conduct, Plaintiff has suffered damages in an amount to be determined at trial, but not less than $25,600.

### SEVENTH CLAIM FOR RELIEF

(Breach of Implied Covenant of Good Faith and Fair Dealing—Skid Plates)

70. ASI realleges the allegations set out above.

71. The parties' agreement regarding the skid plates contains an implied covenant of good faith and fair dealing.

72. Through the actions described above, Defendant has breached the covenant of good faith and fair dealing.

73. As a direct result of Defendant's breach of its duty of good faith and fair dealing, Plaintiff has suffered damages in an amount to be determined at trial, but not less than $25,600.

## EIGHTH CLAIM FOR RELIEF

(Unfair and Deceptive Trade Practices)

74. ASI realleges the allegations set out above.

75. Defendant has engaged in trade or commerce directly or indirectly affecting the people of the Commonwealth of Massachusetts.

76. Under Massachusetts General Laws, Ch. 93A, § 11, First Choice is liable to ASI for treble damages and attorneys' fees due to First Choice's unfair and deceptive trade practices including but not limited to:

    (a) Accepting goods from ASI with no intention to pay for them;

    (b) Accepting services from ASI with no intention to pay for them;

    (c) Agreeing to provide a team of eight to ten skilled workers with no intention to comply with that obligation;

    (d) Agreeing to provide adequate space and storage areas for the project with no intention to comply with that obligation.

77. The conduct complained of occurred primarily and substantially in the Commonwealth of Massachusetts and the acts described constitute unfair and deceptive acts within the meaning of Massachusetts General Laws, Ch. 93A, § 11.

78. As a result of Defendant's unfair and deceptive trade practices, Plaintiff has suffered damages in an amount to be determined at trial, but not less than $438,600, and ASI is entitled to treble damages and attorneys' fees under Massachusetts General Law, Ch. 93A, § 11.

## RELIEF REQUESTED

Plaintiff ASI requests entry of judgment in its favor as follows:

1. Awarding ASI damages of not less than $333,000 as a result of Defendant's breach of the parties' armor kit contract and its breach of the implied covenant of good faith and fair dealing.

2. Awarding ASI damages of not less than $80,000 for breach of the services agreement and its breach of the implied covenant of good faith and fair dealing.

3. Awarding ASI $25,600 based on First Choice's breach of its agreement to pay for eight skidplates on four Chevrolet Suburbans and its breach of the implied covenant of good faith and fair dealing.

4. Awarding ASI treble damages and attorneys' fees based on First Choice's unfair and deceptive trade practices under Massachusetts General Laws, Ch. 93A.

5. Awarding ASI pre-judgment and post-judgment interest where appropriate.

6. Awarding ASI its costs associated with this action.

## JURY DEMAND

ASI requests a trial by jury on all claims so triable.

Respectfully submitted,
ARMOR SYSTEMS
INTERNATIONAL, INC.

By its attorneys,

*/s/ Anthony A. Scibelli*

Anthony A. Scibelli (BBO #556507)
SCIBELLI, WHITELEY AND
STANGANELLI, LLP
50 Federal Street, Fifth Floor
Boston, Massachusetts 02110
617-227-5725

-and-

Steven T. Lovett (OBS No. 91070)
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, Oregon 97204
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

Dated: May 10, 2005

12

5-10967 RC

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Armor Systems International, Inc.

### DEFENDANTS
First Choice Body Armor & Equipment, Inc.

(b) County of Residence of First Listed Plaintiff **Clark County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Plymouth**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) 617-227-5725
Anthony A. Scibelli  Scibelli, Whiteley and Stanganelli, LLP 50 Federal St. Boston, MA 02110

Attorneys (If Known)
David M. O'Connor
O'Connor & Associates
100 State St. 4th Fl.
Boston, MA 02109

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1332
Brief description of cause:
Breach of contract claims and M.G.L. c 93A claim

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ (approx.) $438,600
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE 5/10/05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #____  AMOUNT____  APPLYING IFP____  JUDGE____  MAG. JUDGE____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Armor Systems International, Inc. v. First Choice Body Armor & Equipment, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ___ I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    ___ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

    _X_ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    ___ IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

    ___ V.   150, 152, 153.

    **05 - 10967 RCL**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES ☐    NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES ☐    NO ☒

    A. If yes, in which division do all of the non-governmental parties reside?
       Eastern Division ☐    Central Division ☐    Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division ☒    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Anthony A. Scibelli__
ADDRESS __Scibelli, Whiteley and Stanganelli, LLP   50 Federal St.__
TELEPHONE NO. __617-227-5725__         __5th Fl. Boston, MA 02110__

(CategoryForm.wpd -5/2/05)