UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARMOR SYSTEMS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> FIRST CHOICE BODY ARMOR & EQUIPMENT, INC., <br><br> Defendant. | Civil Action <br> No. 05-10967-RCL |

**ANSWER, AFFIRMATIVE DEFENSES, COUNTER-CLAIMS
AND JURY DEMAND OF FIRST CHOICE BODY ARMOR & EQUIPMENT, INC.**

The defendant, First Choice Body Armor & Equipment, Inc. ("FCA"), hereby answers the plaintiff's Complaint, asserts its presently known affirmative defenses and makes its counterclaims.

**ANSWER TO AVERMENTS**

FCA answers or otherwise responds to the complaint contentions of Armor Systems International, Inc. ("ASI") as follows:

1.   FCA admits the allegations of paragraph 1, 2, 3, 4, 5 and 66 of the Complaint.

2.   FCA denies the substance or certain details of paragraphs 8, 9, 10, 11, 12, 13, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 32, 33, 34, 35, 36, 38, 42, 43, 45, 46,

47, 49, 50, 51, 53, 54, 55, 57, 58, 59, 61, 62, 63, 64, 67, 68, 69, 71, 72, 73, 76, 77 and 78 of the Complaint, along with all prayers for relief thereunder as stated in the complaint, as they are inaccurate, incomplete or mischaracterize the facts or entitlement to relief.

3.   FCA lacks sufficient information at this pre-discovery stage of proceedings to admit or deny the veracity of paragraphs 6, 7, 14, 15, 30, 31, 37, 39, 40, 41 and 75 of the Complaint.

4.   FCA does not respond specifically to paragraphs 44, 48, 52, 56, 60, 65, 70 and 74 of the Complaint, as these are paragraphs of incorporation.  FCA reasserts its answer to those incorporated paragraphs as it did in the foregoing.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

ASI breached its obligations under its acknowledged purchase order.

### THIRD DEFENSE

ASI's delivery of product under the agreement or purchase order was deficient, untimely and caused damage to FCA.

## FOURTH DEFENSE

ASI's products were defective and nonconforming to the subject specifications and industry standards.

## FIFTH DEFENSE

ASI engaged in a pattern of dilatory and non-workmanlike performance causing damage to FCA.

## SIXTH DEFENSE

ASI refused or failed to cure defects in its goods as delivered to FCA.

## SEVENTH DEFENSE

ASI refused or failed to cure deficiencies in its performance of services.

## EIGHTH DEFENSE

ASI's claims are barred because it failed to honor a previous commitment to perform expeditiously and at a particular rate of production, as specified in its lawyer's letter of February 2, 2005, to avoid litigation over ASI's wrongful retention of a deposit of $110,900 for over one hundred (100) days without performing, on which production commitment FCA reasonably relied.

## NINTH DEFENSE

ASI is barred from any form of equitable relief on account of its unclean hands.

TENTH DEFENSE

ASI is barred from equitable relief because its inability or refusal to produce or perform caused it to devote more personnel hours than it represented were necessary to comply with the requirements of the purchase order or its lawyer's letter of February 2, 2005.

ELEVENTH DEFENSE

ASI can have no equitable remedy for the consequences of its miscalculations, its inability to manufacture, its misrepresentations or its poor performance, all of which damaged FCA.

TWELFTH DEFENSE

Any activities allegedly undertaken by ASI beyond the terms of the purchase order and specification were performed voluntarily and without consideration so as to mitigate ASI's liability to FCA for FCA's potential loss of its customer's contract and said customer's anticipated contract claim, all of which financial liabilities ultimately would have been borne by ASI due to its delayed and deficient performance and supply of conforming goods or products.

WHEREFORE, First Choice Armor & Equipment, Inc. requests that this action be dismissed with prejudice and with costs and fees assessed against Armor Systems International, Inc.

**COUNTER-CLAIMS**

**COUNT I**

PARTIES

1.   First Choice Armor & Equipment, Inc. ("FCA") is a Massachusetts corporation with a principal place of business at 764 N. Main Street, Brockton, Plymouth County, Massachusetts.

2.   Armor Systems International, Inc. ("ASI") is a duly organized corporation with its principal place of business at 110 Columbia Street, Vancouver, Washington.

JURISIDICTION

3.   Pursuant to M.G.L. c. 223A § 3(a), "Personal Jurisdiction Based Upon Acts or Conduct Within Commonwealth," ASI has transacted business in the Commonwealth. More specifically, it solicited the business of FCA; delivered goods to and rendered services in the Commonwealth; and caused tortuous injury here. The amount in controversy greatly exceeds $75,000. Venue in this Court is thus appropriate.

FACTS

4.   Sometime in the Spring of 2004, ASI promoted its adhesive and other protective armor technology to FCA and solicited its business.

5.   On April 30, 2004, FCA and ASI entered into a non-disclosure agreement regarding ASI's self-adhesive protective armor technology.

6. Based upon several discussions, understandings and commitments by ASI to FCA, FCA bid on a contract to provide 16 armored Ford Excursion sports utility vehicles to Kellogg Brown and Root, Inc. ("KBR") for service in Iraq.

7. FCA furnished ASI a detailed proposed contract for services under the KBR bid and for similar, future opportunities. Said proposal included the particular specifications for the KBR job. FCA accepted the bid award from KBR, expressly relying on ASI's assurances that ASI could supply the components and perform the work needed to fully and properly armor the 16 Ford Excursions in accord with the KBR specifications and industry practice.

8. FCA issued to ASI Purchase Order No. 774 on October 14, 2004.

9. ASI issued an invoice on said Purchase Order on October 13, 2004.

10. On October 21, 2004, FCA sent ASI the sum of One Hundred Ten Thousand and Nine Hundred Dollars ($110,900.00), the 25% deposit as adjusted on Invoice No. 203, referencing the price change of Purchase Order No. 774.

11. Based on ASI's assurances, acceptance of funds and acknowledgement of the purchase order, FCA acquired at its own expense 16 Ford Excursion vehicles. ASI then proved unwilling to perform, evidently due to a far more substantial order it

received from a government contract.  FCA was forced to threaten action on or about February 1, 2005 if ASI failed to perform under the Purchase Order.

12. In response to FCA's demand that ASI perform, ASI's counsel conveyed promises as to expeditious performance.  ASI ultimately sent four employees to Massachusetts to begin installing the armor kits to the Ford Excursions pursuant to Purchase Order No. 774.  ASI failed to perform as required on Purchase Order No. 774 and was negligent in its application or installations of its components to FCA's Ford Excursions.  By way of example and not limitation, said deficiencies included the following, all of which hindered production, delayed delivery and damaged FCA:

a. The required protective steel grills were not supplied initially by ASI.  As ASI could not obtain raw material to fabricate the grills, it requested that FCA fabricate the steel for the grills;

b. Door panels were not properly fabricated and needed to be re-cut to fit the doors of 2005 Ford Excursions;

c. ABC pillars, were not properly installed;

d. ASI negligently scratched several portions of FCA's Ford Excursions, including upholstery, windows and windshields, all of which FCA replaced at its own expense;

    e.    Roof protection "caps" were not timely produced or delivered by ASI;

    f.    Armored brush guards were improperly assembled by ASI, requiring FCA to order additional raw material, causing delay and increasing FCA's expense;

    g.    ASI produced and provided the wrong door hinges, necessitating original Ford factory door hinges for reinforcement;

    h.    ASI fabricated its own "door checks" because it had discarded the Ford factory components; and

    i.    Numerous other errors, deficiencies and misrepresentations too numerous to recount, including its inability or refusal to train persons designated by FCA.

According to its written commitment of February 2, 2005, ASI was to have the "first [presumably four] FCA vehicles … completed by Friday, February 11, 2005." This did not occur.

    13.  By late March, ASI had only partially completed two of the Ford Excursions, though it represented that the vehicles were complete and ready to ship. Relying on ASI's representations, the vehicles were shipped to KBR in Houston.

    14.  The two partially completed Ford Excursions were rejected by KBR. FCA undertook substantial work and retained one or more Houston – area services to finish the vehicles (at

FCA's expense) due to the carelessness and poor workmanship of ASI, which caused aesthetic damage to the FCA vehicles and also left them arguably incomplete and deficient under the KBR specifications.

## COUNT I

### (BREACH OF CONTRACT)

15.  FCA incorporates herein the allegations contained in paragraphs 1-14.

16.  ASI breached its common law and contractual obligations to FCA by failing to complete the Ford Excursions as ordered and failing to outfit the vehicles in a timely fashion. Said delay was caused by, <u>inter alia</u>, ASI's failure to produce and bring proper or sufficient parts, materials or labor to perform; its lack of skill and experience, which it misrepresented during the course of solicitation; and technical incompetence.

17.  As a result of defendant's breach of its contractual obligations under the common law, FCA has incurred significant financial damages and costs, including having to find a substitute armor company to outfit the remaining vehicles.

WHEREFORE, FCA demands judgment against ASI in the amount of FCA's damages caused by ASI's breach, including interest, costs and such other relief as this Court deems just and proper.

## COUNT II

**(BREACH OF M.G.L.C.106 § 2-313 EXPRESS WARRANTIES
BY AFFIRMATION, PROMISE, DESCRIPTION, SAMPLE)**

18.  FCA incorporates herein the allegations contained in paragraphs 1-17.

19.  ASI installed armor to two vehicles pursuant to Purchase Order No. 774 and erroneously and improperly affirmed that said vehicles were in compliance with KBR specifications. In fact, based on ASI's incompetence or misrepresentations, said vehicles were rejected by KBR.

20.  FCA incurred extraordinary personnel time and expense to rectify the errors caused by the carelessness and negligence of ASI. ASI breached its express warranty, directly and proximately causing FCA to sustain significant financial damages and costs, which also effected adversely FCA's ability to conduct other business.

WHEREFORE, FCA demands judgment against ASI in the amount of FCA's damages caused by ASI's breach, including interest, costs, counsel fees and such other relief as this Court deems just and proper.

## COUNT III

**(BREACH OF M.G.L.C.106 § 2-314 IMPLIED WARRANTY:
MERCHANTABILITY: USAGE OF TRADE)**

21.  FCA incorporates herein the allegations contained in paragraphs 1-20.

22. ASI is a merchant with respect to armor parts.

23. ASI was to armor Ford Excursions for FCA to convey to KBR pursuant to a contract.

24. ASI breached its implied warranty of merchantability when said vehicles were not completed within the terms of the specification.  FCA had to restore the vehicles that ASI claims were completed due to the carelessness and negligence of ASI employees.

25. As a direct and proximate result of ASI's breach of its duties, FCA suffered significant financial damages and incurred unnecessary costs.

WHEREFORE, FCA demands judgment against ASI in the amount of FCA's damages caused by ASI's breach, including interest, costs and such other relief as this Court deems just and proper.

## COUNT IV

**(BREACH OF M.G.L.C.106 § 2-315 IMPLIED WARRANTY: MERCHANTABILITY: FITNESS FOR PARTICLAR PURPOSE)**

26. FCA incorporates herein the allegations contained in paragraphs 1-25.

27. FCA relied on ASI's professed skill to select and install the particular parts to outfit the Ford Excursions in armor as required by the KBR specifications.

28. ASI breached its implied warranty of merchantability for a particular purpose.

29.   As a direct and proximate result of ASI's breach of its duties, FCA suffered significant financial damages, interest accrued and costs.

WHEREFORE, FCA demands judgment against ASI in the amount of FCA's damages caused by ASI's breach, including interest, costs, counsel fees and such other relief as this Court deems just and proper.

## COUNT V

### (NEGLIGENCE)

30.   FCA incorporates herein the allegations contained in paragraphs 1-29.

31.   ASI negligently performed its duties, causing substantial damage to and loss of value to FCA's Ford Excursion vehicles.

32.   As a direct result of ASI's carelessness and negligence, FCA's vehicles were physically damaged; were lost for use; necessitated repair at considerable expense; required expenditures for the completion of the vehicles; and FCA has also sustained a diminished reputation with a valued customer.

WHEREFORE, FCA demands judgment against ASI in the amount of FCA's damages caused by ASI's negligence, including interest, costs and such other relief as this Court deems just and proper.

## COUNT VI

### (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING)

33.  FCA incorporates herein the allegations contained in paragraphs 1-32.

34.  The agreement and subsequent Purchase Order No. 774 between FCA and ASI incorporated an implied covenant of good faith and fair dealing in accordance with the laws of the Commonwealth.

35.  ASI's conduct constitutes a breach of the covenant of good faith and fair dealing owed by ASI to FCA.

36.  As a direct and proximate result of ASI's breach of the covenant of good faith and fair dealing owed to FCA, FCA has sustained significant financial damages, been caused to expend considerable sums in remediation and has suffered diminution of its goodwill.

WHEREFORE, FCA demands judgment against ASI in the amount of FCA's damages caused by ASI's breach, including interest, costs and such other relief as this Court deems just and proper.

## COUNT VII

### (CHAPTER 93A VIOLATION)

37.  FCA incorporates herein the allegations contained in paragraphs 1-36.

38.  At all relevant times, ASI was engaged in trade or commerce within the meaning of M.G.L.c. 93A, §2.

39. ASI knew or should have known that FCA relied on ASI's promises, representations and ASI's acceptance of a deposit on the Purchase Order No. 774 to provide armor for 16 Ford Excursion vehicles and to outfit them in accord with the parties' agreement, KBR specifications and in accordance with the standards established by industry custom and practice.

40. ASI delayed performance for its own benefit and then, having misrepresented its experience, skill and production capacity, so poorly performed that it jeopardized the KBR contract and caused extraordinary damage to FCA.

41. The few vehicles which ASI claimed were completed had several defects which required repairs prior to acceptance from KBR.

42. The acts and omissions of ASI described herein were willful and knowing.

43. The actions or omissions of ASI, described herein and as may be established in discovery, constitute unfair and/or deceptive acts or practices in violation of M.G.L.c. 93A.

WHEREFORE, FCA demands judgment against ASI in the amount of FCA's damages caused by ASI's breach and/or unjust enrichment, plus double or treble damages as permitted by M.G.L.c. 93A, reasonable attorney fees, interest, costs and such other relief as this Court deems just and proper.

**JURY DEMAND**

First Choice Armor & Equipment demands a jury trial on all counts of the complaint and its counterclaim.

>FIRST CHOICE ARMOR &
>EQUIPMENT, INC.
>By its attorney,
>
>/s/David M. O'Connor_____
>David M. O'Connor
>BBO No. 544166
>O'CONNOR & ASSOCIATES, LLC
>100 State Street, 4th Floor
>Boston, MA  02109
>(617) 723-7201

Dated:   June 3, 2005


**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of this document was served upon all counsel of record for each party by mail on June 3, 2005.

>/s/David M. O'Connor_____
>David M. O'Connor