UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARMOR SYSTEMS INTERNATIONAL, INC., a Washington corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>FIRST CHOICE BODY ARMOR & EQUIPMENT, INC., a Massachusetts corporation,<br><br>        Defendant. | Civil Action No. 05-10967 RCL<br><br>PLAINTIFF ARMOR SYSTEMS INTERNATIONAL, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIMS |

In response to the counterclaims of defendant First Choice Body Armor & Equipment, Inc. ("First Choice") plaintiff Armor Systems International, Inc. ("ASI") admits, denies and alleges as follows:

## ANSWER

1.    Admits paragraph 1.

2.    Admits paragraph 2.

3.    Admits that this Court has subject matter jurisdiction over First Choice's counterclaims, personal jurisdiction over ASI and that venue is proper in this district. Except as expressly admitted above, denies paragraph 3.

## FACTS

4.    Admits that sometime in the Spring of 2004 First Choice approached ASI about the possibility of the parties doing business together. Except as expressly admitted above, denies paragraph 4.

5. As its response to paragraph 5, ASI admits that the parties entered into a non-disclosure agreement in the Spring of 2004.

6. ASI does not have sufficient information to admit or deny the allegations in paragraph 6 and, therefore, denies the same.

7. Admits that First Choice solicited ASI's involvement in a project First Choice wanted to do with Kellogg Brown & Root ("KBR"), that First Choice provided ASI with a document entitled "Vehicle Armoring Specifications" that First Choice represented originated with KBR, and that First Choice said it needed a quote for armor to submit to KBR, which ASI provided. Except as expressly admitted above, ASI does not have sufficient information to admit or deny the allegations in paragraph 7 and, therefore, denies the same.

8. As its response to paragraph 8, ASI admits that ASI received from First Choice a document entitled "Purchase Order No. 774" on or about October 14, 2004.

9. As its response to paragraph 9, ASI admits that ASI issued its Invoice No. 203 in response to First Choice's Purchase Order No. 774 in October 2004.

10. As its response to paragraph 10, ASI admits that ASI received from First Choice $110,900 as a deposit on the materials ordered via Purchase Order No. 774.

11. ASI does not have sufficient information to admit or deny the allegations in the first sentence of paragraph 11 and, therefore, denies the same. Denies the second sentence of paragraph 11. Admits that ASI transacted business in the Commonwealth of Massachusetts by delivering armor protection kits and providing certain assistance with the installation of some of those kits. Admits that by letter dated February 1, 2005 First Choice, via its counsel, made a demand for adequate assurance of performance and that ASI provided such assurance. Except as otherwise admitted above, ASI denies paragraph 11.

12. Admits that in early February 2005 four ASI employees traveled to Massachusetts to begin installation of armor protection kits on four Ford Excursions provided by First Choice and that installation was delayed by First Choice's (a) multiple changes to the work at hand, (b) failure to supply the skilled man-power it had agreed to provide, (c) failure to provide the premises and storage areas it had agreed to provide and (d) failure to coordinate accessories, electrical components and detailing for final inspection as it had agreed. ASI further admits that the installation team was ultimately able to complete armor installation on eight of the 16 Ford Excursions before First Choice removed the remaining eight unmodified vehicles from the work area, thereby depriving the installation team of the opportunity to install the remaining kits. Admits that two armor door panels did not fit as anticipated, that ASI had them reworked so that they fit correctly and that the two ill fitting door panels did not in anyway delay the Project. Admits that the installation team was forced into a cramped and inadequate work space which resulted in an occasional scratch on the glass of a vehicle. Admits that the roof caps were delayed in delivery and that delay did not in anyway delay the project. Admits that ASI provided the correct door hinges and added reinforced steel pins to the hinges at KBR's request. Admits that ASI manufactured its own door checks, thereby following standard procedure when armoring a vehicle because factory standard door checks won't hold up under the added weight of the armor. Except as expressly admitted above, ASI denies paragraph 12.

13. Admits that after ASI finished its work on the first two vehicles they were shipped to KBR in Houston, Texas. Except as expressly admitted above, ASI does not have sufficient information to admit or deny the allegations in paragraph 13 and, therefore, denies the same.

14. Admits that the first two vehicles were rejected due to serious problems with interior cosmetics, particularly the inadequate upholstery job done at First Choice's instruction

3

by First Choice's agent, and that First Choice retained a Houston area professional to address the inadequacies of that job. Except as expressly admitted above, ASI denies paragraph 14.

## COUNT I

15. ASI incorporates here its responses to paragraphs 1-14.

16. Denies paragraph 16.

17. Denies paragraph 17.

## COUNT II

18. ASI incorporates here its responses to paragraphs 1-17.

19. Admits that ASI installed armor protection kits on two vehicles and that the armor complied with the specifications which First Choice had provided to ASI. Except as expressly admitted above, ASI denies paragraph 19.

20. Denies paragraph 20.

## COUNT III

21. ASI incorporates here its responses to paragraphs 1-20.

22. Admits paragraph 22.

23. Admits that ASI provided armor kits for 16 Ford Excursions to First Choice for use in vehicles that First Choice represented were for KBR and that ASI, with the assistance of a team of qualified workers to be retained by First Choice, was to install kits in the first four vehicles. Except as expressly admitted above, ASI denies paragraph 23.

24. Denies paragraph 24.

25. Denies paragraph 25.

## COUNT IV

26. ASI incorporates here its responses to paragraphs 1-25.

27. ASI is without sufficient information to know what First Choice relied on or what the basis was for First Choice's decisions and therefore denies paragraph 27.

28. Denies paragraph 28.

29. Denies paragraph 29.

## COUNT V

30. ASI incorporates here its responses to paragraphs 1-29.

31. Denies paragraph 31.

32. Denies paragraph 32.

## COUNT VI

33. ASI incorporates here its responses to paragraphs 1-32.

34. The allegations in paragraph 34 state conclusions of law to which no response is required. ASI denies that it breached any common law covenant of good faith and faith dealing.

35. Denies paragraph 35.

36. Denies paragraph 36.

## COUNT VII

37. ASI incorporates here its responses to paragraphs 1-36.

38. The allegations in paragraph 38 state conclusions of law to which no response is required.

39. ASI is without sufficient information to know what First Choice relied on or what the basis was for First Choice's decisions and therefore denies paragraph 39.

40. Denies paragraph 40.

41. Admits that the first two vehicles ASI completed were rejected by KBR due to serious problems with interior cosmetics, particularly the inadequate upholstery job done at First

Portlnd3-1519503.2 0060162-00003

Choice's instruction by First Choice's agent and that the upholstery had to be reworked before the vehicles could be accepted by KBR.  Except as expressly admitted above, ASI denies paragraph 41.

42. ASI denies that it committed any wrongful actions or omissions and, therefore, denies paragraph 42.

43. Denies paragraph 43.

44. Unless otherwise admitted above, ASI denies each and every other allegation in First Choice's counterclaims.

## AFFIRMATIVE DEFENSES

ASI re-alleges paragraphs 1-44 above as if set forth fully here, and asserts its additional affirmative defenses as follows:

### FIRST AFFIRMATIVE DEFENSE

#### Failure to State a Claim – All Counts

First Choice has failed to state a claim for which relief can be granted because the facts as alleged by First Choice are not sufficient to constitute a claim for relief against ASI.

### SECOND AFFIRMATIVE DEFENSE

#### First Choice Accepted the Goods

First Choice accepted the armor protection kits provided by ASI, and it never revoked its acceptance of those kits.  Armor protection kits provided by ASI were installed in eight Ford Excursions, and on information and belief, those eight vehicles were delivered to, and accepted by, KBR. On information and belief, First Choice has used the remaining armor protection kits in armoring the eight Ford Excursions that First Choice removed from the work area at Rodman

Ford. On information and belief, First Choice also has received payment from KBR for some or all of the Ford Excursions with ASI armor.

### THIRD AFFIRMATIVE DEFENSE

#### Estoppel

First Choice is estopped from raising any and all counterclaims asserted against ASI.

### FOURTH AFFIRMATIVE DEFENSE

#### Consent

First Choice consented to all of the acts and/or conduct of ASI, its agents and/or employees, and thus First Choice's counterclaims are barred.

### FIFTH AFFIRMATIVE DEFENSE

#### Good Faith

First Choice's counterclaims are barred because ASI acted at all times relevant to said claims in good faith, with an honest belief in the truth of any representation they may have made, and in compliance with all relevant regulations and contractual obligations.

### SIXTH AFFIRMATIVE DEFENSE

#### Unclean Hands

First Choice is barred from pursuing any equitable relief by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

#### No Damages

First Choice's counterclaims against ASI are barred because First Choice has suffered no damages as a result of any act, representation or omission on the part of ASI.

Portlnd3-1519503.2 0060162-00003

### EIGHTH AFFIRMATIVE DEFENSE

### Bad Faith

First Choice's counterclaim against ASI are barred due to First Choice's bad faith.

### NINTH AFFIRMATIVE DEFENSE

### Inequitable Conduct by Defendant

First Choice's counterclaims against ASI are barred due to First Choice's inequitable conduct and lack of good faith.

### TENTH AFFIRMATIVE DEFENSE

### Unjust Enrichment

First Choice's counterclaims are barred, in whole or in part, because First Choice would be unjustly enriched if awarded any damages, sums or relief as against ASI.

### ELEVENTH AFFIRMATIVE DEFENSE

### Chapter 93A

The conduct alleged in First Choice's counterclaim did not occur primarily and substantially within the Commonwealth of Massachusetts as required by M.G.L. c. 93A, sec. 11.

### TWELFTH AFFIRMATIVE DEFENSE

### M.G.L. C. 231, sec. 6f

First Choice's claims are wholly insubstantial, frivolous and not advanced in good faith such that ASI is entitled to recover its costs, attorneys' fees, expenses and interest under M.G.L. c.231, sec. 6F.

Portlnd3-1519503.2 0060162-00003

### THIRTEENTH AFFIRMATIVE DEFENSE

### Additional Affirmative Defenses

ASI has not completed its investigation and discovery into the allegations of the counterclaims.  In addition, many of the allegations in the counterclaims are conclusory.  Therefore, ASI cannot fully anticipate all affirmative defenses that may be applicable to this action at this time and hereby reserves its right to add additional affirmative defenses if and to the extent such affirmative defenses are applicable to this action.

WHEREFORE, plaintiff ASI requests entry of judgment as follows:

1.      Denying defendant First Choice any relief on any of its counterclaims, and dismissing the counterclaims with prejudice;

2.      Awarding ASI such relief as requested in the Complaint.

DATED:  June 22, 2005.

Respectfully submitted,

ARMOR SYSTEMS INTERNATIONAL, INC.
By its attorneys,

/s/ Anthony A. Scibelli
Anthony A. Scibelli (BBO #556507)
SCIBELLI, WHITELEY AND STANGANELLI, LLP
50 Federal Street, Fifth Floor
Boston MA  02110
(617) 227-5725

and

Steven T. Lovett (OSB No. 91070)
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland OR  97204
(503) 224-3380

Portlnd3-1519503.2 0060162-00003

Portlnd3-1519503.2 0060162-00003