UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARMOR SYSTEMS INTERNATIONAL, INC., a Washington corporation,<br><br>    Plaintiff,<br><br>v.<br><br>FIRST CHOICE BODY ARMOR & EQUIPMENT, INC., a Massachusetts corporation,<br><br>    Defendant. | Civil Action No. 05-10967 RCL<br><br>JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D) |

In accordance with Fed. R. Civ. P. 26(f), Local Civil Rule 16.1(D), and the Court's Notice of Scheduling Conference and Additional Matters, dated June 6, 2005, counsel for the parties met and conferred on July 7, 2005 regarding the issues to be discussed at the initial conference scheduled in this matter for September 7, 2005 at 9:30 a.m. Based upon those discussions, the parties formulated and hereby respectfully submit the following Joint Statement Pursuant to Local Rule 16.1(D):

A.   **Concise Summary of Positions Asserted by the Parties.**

Plaintiff is in the business of designing and developing advanced anti-weapon technology, primarily armor. Plaintiff asserts causes of action for breach of contract, breach of implied covenant of good faith and fair dealing, promissory estoppel, and unfair and deceptive

trade practices in connection with defendant's non-payment for armor protection products and services defendant ordered from plaintiff and which plaintiff asserts were delivered and accepted.

Plaintiff asserts that defendant is liable for a balance due and owing of $333,000 in connection with armor protection kits for 16 Ford Excursions defendant ordered from plaintiff via defendant's Purchase Order No. 774 and that plaintiff billed via plaintiff's Invoice No. 203. Plaintiff also asserts that defendant is liable for plaintiff's costs, currently estimated to be approximately $80,000, relating to the project that would not have been necessary had defendant performed its alleged obligations, including its obligations to provide labor, a suitable premises and coordination over the project. In addition, plaintiff asserts that defendant is liable for $25,600 for additional armor products defendant ordered from plaintiff via Purchase Order Nos. 939 and 1085 and that plaintiff billed via Invoice Nos. 212 and 213. Plaintiff seeks enhanced damages in an amount to be developed during discovery and at trial in connection with plaintiff's claim that defendant engaged in unfair and deceptive trade practices.

Defendant denies liability and asserts affirmative defenses based upon, *inter alia,* breach of contract, failure to cure, and unclean hands. Defendant also asserts counterclaims for breach of contract, breach of express and implied warranty, negligence, breach of covenant of good faith and fair dealing, and unfair and deceptive trade practices. Defendant asserts that plaintiff is liable for damages in the amount of a $110,900 deposit paid on plaintiff's Invoice No. 203 and approximately $75,000 in out of pocket expenses to remedy alleged product and performance defects. In addition, defendant asserts that it has incurred untabulated expense to have another vendor finish work on the Ford Excursion project and has suffered an uncalculated loss of business goodwill as a result of plaintiff's conduct. In particular, First Choice understands and believes that ASI's untimely and poor performance has effectively ruined First Choice's opportunities to be a successful bidder on recent KBR contracts having a total value several times the sums paid on this project.

Plaintiff denies liability on defendant's counterclaims and asserts affirmative defenses based upon, *inter alia*, defendant's acceptance of plaintiff's armor kits, defendant's failure to revoke its acceptance, estoppel, consent, and unclean hands.

B.  **Proposed Joint Discovery Plan.**

1.  **Rule 26(a)(1) Initial Disclosures.**

The parties have served their initial disclosures. Plaintiff contends that defendant's initial disclosures do not confirm to the requirements of Rule 26(a)(1) in that they (a) fail to identify the subjects of the information possessed by those witnesses that defendant has identified as likely to have discoverable information that defendant may use to support its claims or defenses and (b) fail to provide the location of those documents that defendant has identified as documents that defendant may use to support its claims and defenses. Defendant contends that its initial disclosures comply with the requirements of Rule 26(a)(1).

2.  **Subject and Timing of Discovery.**

The parties agree that discovery should be conducted on the subjects of the respective claims and defenses asserted by the parties in their pleadings. The parties agree that discovery should be conducted in two phases, the first phase directed to fact discovery and the second phase directed to expert discovery. The parties have already served their initial round of written discovery upon each other and have agreed to the following proposed schedule for the conduct of discovery:

   a.  Answers and Responses to initial round of written discovery to be served on August 23, 2005;

   b.  Fact discovery to close by December 31, 2005;

   c.  Rule 26(a)(2) expert disclosures to be made by January 16, 2006 and rebuttals, if any by February 15, 2006; and

   d.  Expert discovery to close by March 3, 2006;

3. **Changes to Limitations on Discovery Imposed Under Rules.**

The parties do not currently anticipate a need to alter the limitations on discovery imposed under the federal and local rules.

C. **Proposed Schedule for the Filing of Motions and Other Pretrial Matters.**

The parties have agreed to the following proposed schedule, the Court consenting, for the filing of motions and other pretrial matters:

    a. Dispositive motions to be served by March 31, 2006;

    b. Final Pretrial Conference to be held on May 15, 2006 at 9:00 a.m., or on such other date and time the Court may at its convenience set; and

    c. Trial to commence June 19, 2006 at 9:00 a.m., or on such other date and time the Court may at its convenience set.

D. **Consent to Trial by Magistrate Judge.**

The parties do not consent to trial by the Magistrate Judge.

DATED: August 30, 2005.

                                      Respectfully submitted,

                                      ARMOR SYSTEMS INTERNATIONAL, INC.
                                      By its attorneys,

                                      /s/ Anthony A. Scibelli
                                      Anthony A. Scibelli (BBO #556507)
                                      SCIBELLI, WHITELEY AND
                                      STANGANELLI, LLP
                                      50 Federal Street, Fifth Floor
                                      Boston MA  02110
                                      (617) 227-5725

                                      and

                                      Steven T. Lovett (OSB No. 91070)
                                      *Pro hac vice*
                                      STOEL RIVES LLP
                                      900 SW Fifth Avenue, Suite 2600
                                      Portland OR  97204
                                      (503) 224-3380

FIRST CHOICE BODY ARMOR &
EQUIPMENT, INC.
By its attorneys,

/s/ David M. O'Connor
_____
David M. O'Connor (BBO #544166)
O'CONNOR & ASSOCIATES, LLC
100 State Street, 4th Floor
Boston MA  02109
(617) 723-7201

Portlnd2-4524881.2 0060162-00003

## Local Rule 16.1(D)(4) Certification of Armor Systems International, Inc.

Pursuant to Local Rule 16.1(D)(4), plaintiff Armor Systems International, Inc. and its counsel hereby certify that they have conferred (a) with a view to establishing a budget for the costs of conducting the full course—and various alternative courses—for the litigation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

DATED: August 19, 2005.

        SCIBELLI, WHITELEY AND
        STANGANELLI, LLP

        By: /s/ Anthony A. Scibelli
            Anthony A. Scibelli (BBO #556507)
            50 Federal Street, Fifth Floor
            Boston MA  02110
            (617) 227-5725

        and

        STOEL RIVES LLP

        By: /s/ Steven T. Lovett
            Steven T. Lovett (OSB No. 91070)
            *Pro hac vice*
            900 SW Fifth Avenue, Suite 2600
            Portland OR  97204
            (503) 224-3380

        Attorneys for Armor Systems International, Inc.

        ARMOR SYSTEMS INTERNATIONAL, INC.

        By: /s/ Randy L. Wadsworth
            Randy L. Wadsworth
            President and Chief Executive Officer

Portlnd2-4524881.2 0060162-00003

## Local Rule 16.1(D)(4) Certification of Armor Systems International, Inc.

Pursuant to Local Rule 16.1(D)(4), plaintiff Armor Systems International, Inc. and its counsel hereby certify that they have conferred (a) with a view to establishing a budget for the costs of conducting the full course—and various alternative courses—for the litigation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

DATED: August 19, 2005.

SCIBELLI, WHITELEY AND STANGANELLI, LLP

By: _____
Anthony A. Scibelli (BBO #556507)
50 Federal Street, Fifth Floor
Boston MA 02110
(617) 227-5725

and

STOEL RIVES LLP

By: _____
Steven T. Lovett (OSB No. 91070)
*Pro hac vice*
900 SW Fifth Avenue, Suite 2600
Portland OR 97204
(503) 224-3380

Attorneys for Armor Systems International, Inc.

ARMOR SYSTEMS INTERNATIONAL, INC.

By: _____
Randy L. Wadsworth
President and Chief Executive Officer

6

PortInd2-4524881.2 0060162-00003