UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
05-10967-RCL

FILED IN CLERK'S OFFICE
2005 OCT 31   P 2: 29
U.S. DISTRICT COURT
DISTRICT OF MASS.

ARMOR SYSTEMS )
INTERNATIONAL, INC. )
   )
   Plaintiff, )
   )
v. )
   )
FIRST CHOICE BODY ARMOR & )
EQUIPMENT, INC. )
   )
   Defendant. )

**STIPULATED PROTECTIVE ORDER GOVERNING THE
DISCLOSURE AND USE OF CONFIDENTIAL MATERIAL**

The undersigned parties, by their counsel, hereby stipulate and this Court Orders that the following procedures shall govern the production and use of all documents, testimony, and other information produced by any party or non-party in this litigation, or provided by any witness, in connection with the discovery and trial of this matter, to the extent the party, non-party or witness wishes to invoke the procedures set forth herein:

1. **CONFIDENTIAL DESIGNATION**. The party or non-party responding to a request for discovery or information (the "Producing Party") may designate as CONFIDENTIAL any document, discovery responses, deposition testimony, or other information which the Producing Party, in good faith, believes to contain or reflect confidential personnel information, a trade secret,

proprietary bid submissions, or research, development, financial, commercial, or other information which the Producing Party deems confidential.

    A. Such designation shall be made at the time that the information is produced or furnished or promptly thereafter by stamping said documents or other information with the word "CONFIDENTIAL."

    B. Documents or other information designated as CONFIDENTIAL in accordance with the terms of this stipulation are hereinafter referred to as "CONFIDENTIAL MATERIAL."

    C. CONFIDENTIAL MATERIAL shall include, without need for the Producing Party's designation, all information constituting or evidencing any bid to furnish goods or services, price data, customer identity, prospective customer or the terms of any contract with any person or entity.

    D. The Producing Party may produce documents with commercially sensitive information that is not relevant to the instant Action redacted. At such time as the Producing Party comes to believe that previously redacted commercially sensitive information has become relevant to the issues involved in the Action, the Producing Party shall promptly produce unredacted versions of the documents.

2.  **PROHIBITIONS AND LIMITATIONS**.  All CONFIDENTIAL MATERIAL which is produced in this litigation shall be used for purposes of this case only and for no other purpose. There shall be no limitation on the use of CONFIDENTIAL MATERIAL in connection with this litigation other than the limitations set forth herein.

    A.  No person or party shall use any CONFIDENTIAL MATTER (or the information or ideas contained therein) for competitive or commercial purposes, to include what limitation the solicitation of business or the other party's customers; formulating bids for governmental or private industry projects; setting prices; or using, converting or reverse engineering the Producing Party's technology (to the extent such is protected intellectual property).

    B.  No person or party shall use or disseminate any CONFIDENTIAL MATERIAL in any manner that would (or the information or ideas contained therein) disparage, defame, slander or embarrass any party or employee thereof.

    C.  All CONFIDENTIAL MATERIAL which is produced in this litigation shall be retained by outside counsel and not disclosed to any person other than:

        1.  outside counsel and their shareholders, members, associates, employees and individuals or entities who

usually provide clerical and office support to such outside counsel;

2. the parties' in-house counsel, officers and board members;

3. the parties, and those present and former employees of the parties, whose participation is reasonably required for the prosecution or defense of the Action, provided that each such person first reads this stipulated protective order and agrees to be bound by it, by executing a copy of the Agreement attached hereto as Exhibit A;

4. the Court and court personnel, including court reporters and stenographers employed in connection with this Action;

5. experts or consultants, and their employees and clerical and support staff, retained or employed in good faith to assist a party in the valuation, prosecution, or defense of the Action, provided that each such expert or consultant agrees to be bound by the terms of this Stipulation by executing a copy of the agreement attached hereto as Exhibit A; and

6. any person or entity whose deposition is properly noticed in this action, provided such person or entity

first reads this stipulated protective order and agrees to be bound by it, by executing a copy of the Agreement attached hereto as **Exhibit A.**

3. Should any party wish to disclose CONFIDENTIAL MATERIAL to any person other than those identified in Paragraph 2 above, it shall provide the Producing Party at least thirty (30) days notice in writing identifying both the person to whom disclosure is proposed and the information that the party proposes disclosing. The party seeking disclosure must share with the producing party the reason such disclosure is sought. It will be permissible for the party seeking disclosure to state the reason in terms that do not reveal the mental impressions of counsel or attorney work product. Such disclosure shall not occur except upon the written consent of the Producing Party (which shall not be unreasonably withheld) or upon leave of Court.

4. Any document or other information (or part thereof) submitted to the Court that refers to, comprises, is derived from, or incorporates any CONFIDENTIAL MATERIAL shall be filed under seal by placing the relevant portion of the document or thing containing the CONFIDENTIAL MATERIAL in a sealed envelope or container that states:

> This envelope contains confidential information and may not be opened or the contents thereof revealed except by order of the Court or by the written permission of the party who has

designated the information contained herein as confidential.

5. The restrictions set forth in this Stipulation shall not apply to any document or other information that was properly in the public domain or is acquired in good faith from a third party having the right to disclose such information. Nothing herein shall prevent any of the parties from disclosing publicly any of their own CONFIDENTIAL MATERIAL as they deem appropriate.

6. If counsel for any party objects in good faith to the designation by the Producing Party of any document, testimony, or other information as CONFIDENTIAL, counsel for that party shall so notify counsel for the Producing Party, which notice shall identify the document, testimony, or other information. If the parties are unable to resolve their disagreement, the challenging party may seek relief from the Court upon at least ten (10) business days' notice to the other affected parties, unless good cause exists for a shorter notice period, and all parties will cooperate in obtaining a prompt hearing concerning the same. Until the Court rules on the party's application or the disagreement is otherwise resolved, the document, testimony, or other information shall continue to be treated as CONFIDENTIAL.

7. Nothing herein shall be construed to constitute a waiver of any party's right: (a) to oppose discovery on any ground (other than that the same constitutes or contains a trade

secret or confidential information of such party); or (b) to object on any ground to the admission of any document, testimony, or other information in evidence at the trial of this case.

8. Nothing herein shall preclude any party from seeking an order from the Court that any portion of a deposition, hearing, or trial proceeding be closed to the public for the purpose of taking testimony with respect to information designated as CONFIDENTIAL.

9. Within 30 days after the termination of this case, including any appeals, or at such other time as the parties agree, all parties shall return or destroy all CONFIDENTIAL MATERIAL, including but not limited to copies, summaries, and excerpts of CONFIDENTIAL MATERIAL. The parties shall certify in writing to the other party the designation of all CONFIDENTIAL MATERIAL.

10. This Stipulation and Order is effective immediately and shall survive the conclusion of this case.

ARMOR SYSTEMS INTERNATIONAL, INC.
By its attorney,

_/s/ Anthony A. Scibelli_
Anthony A. Scibelli
BBO No. 556507
SCIBELLI, WHITELEY & STANGANELLI
50 Federal Street
Boston, MA 02110
(617) 227-5725

    and

Steven T. Lovett
OBS No. 91070
STOEL RIVES, LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
(503) 220-2480

FIRST CHOICE ARMOR & EQUIPMENT, INC.
By its attorney,

_/s/ John A. Leone_
John A. Leone
BBO No. 567416
O'CONNOR & ASSOCIATES, LLC
100 State Street, 4th Floor
Boston, MA 02109
(617) 723-7201

IT IS SO ORDERED:

_____
(              , J.)

**EXHIBIT A**
**AGREEMENT TO BE BOUND**

I have read the Stipulated Protective Order dated October _____, 2005 in the action captioned <u>Armor Systems International, Inc. v. First Choice Armor & Equipment, Inc.</u>, Civil Action 05-10967-RCL, and understand and hereby agree to be bound by the terms thereof with respect to the non-disclosure of CONFIDENTIAL MATERIAL. I understand that certain CONFIDENTIAL MATERIALS may be provided to me pursuant to the terms and restrictions of the Order. I agree that I will use these CONFIDENTIAL MATERIALS solely in connection with this Action, and that I will hold these CONFIDENTIAL MATERIALS in strict confidence and will not disclose them to anyone not expressly designated under the Order. I agree that, upon the termination of this Action, or upon demand by the Party by whom I was employed or retained or for whom I acted as a witness, I will return all CONFIDENTIAL MATERIALS to counsel for the Producing Party. I hereby agree to subject myself to the jurisdiction of the Court for the purpose of proceedings relating to my performance under, compliance with, or violation of this Order.

_____
Signature

_____
Print Name