

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARMOR SYSTEMS INTERNATIONAL, INC., a Washington corporation,<br><br>  Plaintiff,<br><br>v.<br><br>FIRST CHOICE BODY ARMOR & EQUIPMENT, INC., a Massachusetts corporation,<br><br>  Defendant. | Civil Action No. 05-10967 RCL<br><br>MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER REGARDING TELEPHONIC DEPOSITIONS |

## INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 26(c) and 30(b)(7) Plaintiff Armor Systems International, Inc. ("ASI") moves for an order allowing three of its employees to appear for deposition by telephone. All four of the ASI employees that defendant has noticed for deposition reside and work in the Portland, Oregon metropolitan area, over 3,000 miles from Boston. ASI has offered to fly Jim Henry to Boston to appear in person for deposition in the District of Massachusetts. Mr. Henry is one of ASI's Founders, its Chief Technology Officer and the manager of the project at issue. He is described by defendant as "perhaps the most significant witness" in the case. The other three ASI employees defendant has noticed for deposition had more limited roles on the project.

ASI would suffer undue hardship if it was required to transport four employees cross country for depositions. The monetary cost and the labor hours lost to travel is not justified in what is essentially a $400,000 collection case based on defendant's refusal to pay the balance owed on goods it ordered and received from plaintiff.

Page 1 -   MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
           PROTECTIVE ORDER REGARDING TELEPHONIC DEPOSITIONS

Moreover, defendant has not articulated any prejudice it will suffer by having the three less important witnesses appear by telephone. Taking the depositions by telephone will not prevent or deter First Choice from taking the discovery to which it is entitled. Under these circumstances, ASI should be permitted to avoid the unnecessary expense of transporting cross country all four witnesses First Choice has noticed for deposition.

## CERTIFICATION

In early September 2005, ASI's counsel offered to produce Jim Henry for deposition in the District of Massachusetts and asked Defendant First Choice Body Armor & Equipment, Inc. ("First Choice") to stipulate that the three secondary witnesses may appear for deposition by telephone. Lovett Decl. ¶ 5. That request was repeated in a letter and then in an email until, finally, on November 4, 2005 First Choice notified ASI that it would not stipulate to telephone depositions. Lovett Decl. Exs. C, D and E. First Choice did not provide a reason for its refusal, stating only that all the witnesses "had significant involvement in the project." Lovett Decl. Ex. E.

## CASE BACKGROUND

ASI is a Washington corporation with its principal place of business in Vancouver, Washington. ASI designs and develops advanced anti-weapon technology, primarily armor. Complaint ¶¶ 1, 6. ASI was incorporated on December 26, 2002 and now has 14 employees. Lovett Decl. ¶ 2.

First Choice is a Massachusetts corporation with its principal place of business in Brockton, Massachusetts. Complaint ¶ 2. First Choice sells armored vehicles and body armor. Lovett Decl. Ex. H.

In late summer or early fall 2004 First Choice informed ASI that it wished to purchase armor kits to install in 16 Ford Excursions that First Choice had contracted to sell to Kellogg, Brown & Root ("KBR"), (the "Ford Excursion Project"). *See* Complaint ¶ 8; Lovett Decl. Ex. A.

Page 2 -   MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
           PROTECTIVE ORDER REGARDING TELEPHONIC DEPOSITIONS

On or about October 13, 2004, First Choice faxed to ASI its purchase order No. 774 for 16 armor protection packages with a unit price of $29,175 which, after certain deductions First Choice took for itself, came to $28,000 per vehicle, or $444,000 total. The purchase order also states that ASI is to help install the armor on the first four vehicles. First Choice paid a 25 percent deposit with the balance to be paid 30 days from completion. Lovett Decl. Ex. F (the "P.O."); Answer, Counterclaim ¶ 10.

In early February 2005, the ASI armor kits began to arrive in Massachusetts and Jim Henry and his crew traveled to Brockton to install the first four kits as the parties had agreed. Complaint ¶ 13. By the week of March 21, 2005, the kits were fully installed on eight vehicles, largely due to the efforts of Mr. Henry's team which, at the urging of First Choice, continued to install kits after installation on the first four vehicles was finished. Complaint ¶ 33.

All 16 vehicles that First Choice delivered to KBR in connection with the Ford Excursion Project were accepted by KBR. Lovett Decl. Ex. A (Supplemental Answers of First Choice Armor & Equipment, Inc. [to ASI's First Set of Interrogatories]).

KBR paid First Choice the full contract amount of $1.6 million. *Id.*

The Ford Excursion Project is complete. *Id.*

ASI invoiced First Choice the $333,000 balance on the account. First Choice refused to pay claiming that it was damaged in excess of that amount by what it regarded as ASI's failure to perform.

On May 10, 2005 ASI filed the present action to collect the balance that First Choice owes it, collect on an invoice on another completed and accepted project for which First Choice refuses to pay and for damages based on other work it performed at First Choice's request that

was not covered by the purchase order and for which ASI has not been paid. First Choice counterclaimed in an undisclosed amount.

## DISCOVERY STATUS

Discovery is on-going. Each party has answered interrogatories and produced documents in response to requests for production.[1]

The parties originally agreed that depositions would take place the week of September 19, 2005. That was later moved back to the week of October 24 and then to the week of December 12. Lovett Decl. ¶ 14.

## DISCUSSION

Telephone depositions are widely recognized as an acceptable way to reduce costs in federal litigation. Here, telephone depositions would avoid an undue expense to ASI while having no effect on First Choice's ability to gather facts in this case. Moreover, ASI's principal witness will appear in person for deposition. Telephone depositions are clearly appropriate in this situation.

A.  **The Federal Rules of Civil Procedure Contemplate Use of Telephone Depositions in Just Such a Circumstance As This.**

Federal Rule 26 provides, in relevant part, as follows:

> [(b)(1)] the frequency or extent of use of the discovery methods shall be limited by the court if it determines that . . . the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources and the importance of the issues at stake in the litigation.
>
> * * * * *
>
> [(c)] the court . . . may make any order which justice requires to protect a party or person from . . . undue burden or expense, including one or more to the following: . . . (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery maybe had

---

[1] There are several open issues relating to discovery that the parties are trying to resolve to avoid another discovery motion.

Page 4 -    MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
            PROTECTIVE ORDER REGARDING TELEPHONIC DEPOSITIONS

only by a method of discovery other than that selected by the party seeking discovery.

Federal Rule of Civil Procedure 30(b)(7) expressly provides for taking a deposition "by telephone or other remote electronic means."

Shortly after the 1980 amendments to Rule 30 went into effect, a district court in New York concluded that absent extreme hardship, the plaintiff should be required to appear for deposition in his or her chosen forum. *Chem v. Allied Van Lines Int'l Corp.*, 102 F.R.D. 938 (S.D.N.Y. 1984). Subsequent cases have rejected that approach:

> Nothing in the language of Rule 30(b)(7) requires that telephone depositions may only be taken upon a showing of necessity, financial inability, or other hardship . . . . by looking to a concomitant 1980 amendment to Rule 30, one discerns a purpose to encourage the courts to be more amenable to employing non-traditional methods for conducting depositions, . . . in order to reduce the costs of federal litigation.
>
> * * * * *
>
> Because of the history and similar purpose of subsection (b)(4) and (b)(7), the Court concludes that leave to take telephonic depositions should be liberally granted in appropriate cases . . . Thus, upon giving a legitimate reason for taking a deposition telephonically, the movant need not further show an extraordinary need for the deposition. Rather, the burden is on the opposing party to establish why the deposition should not be conducted telephonically.

*Jahr v. IU Int'l Corp.*, 109 F.R.D. 429, 430-31 (M.D.N.C. 1986).

There is a strong trend toward liberal use of telephone depositions and other alternative means of taking discovery to make litigation less expensive.[2] That trend is perfectly consistent with the overriding purposes of the Federal Rules of Civil Procedure which "shall be construed

---

[2] ASI has not located any First Circuit or District of Massachusetts precedent that addresses the standard to be applied by a district court when determining whether to grant leave to take a deposition by telephone pursuant to Fed. R. Civ. P. 30(b)(7). Although the First Circuit did discuss telephonic depositions in *United States v. Ferrera*, 746 F.2d 908, 912-13 (1st Cir. 1984), that case was a criminal matter and would not be applicable here. *See, e.g., Jahr v. IU Intern'l Corp.*, 109 F.R.D. 429, 432 (M.D.N.C. 1986) (noting that *Ferrara* was not authority for construing Rule 30(b)(7) because it "involved concerns unique to criminal prosecutions").

Page 5 -   MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
           PROTECTIVE ORDER REGARDING TELEPHONIC DEPOSITIONS

and administered to secure the just, speedy, and inexpensive determination of every action."
Fed. R. Civ. P. 1.

**B.     Producing Four Deposition Witnesses In Person In Massachusetts Would Visit An Undue Hardship And Expense On ASI.**

All four of the ASI employees that First Choice noticed for deposition live and work in the Portland, OR/Vancouver, WA metropolitan area. Lovett Decl. ¶ 15. Producing them for deposition in Boston would require that each man spend at least two days traveling and miss two or three days work. In addition, ASI would incur substantial expenses for airline tickets, ground transportation, and witness meals and hotel charges.

**C.     The Amount in Controversy Does Not Justify The Expense And Inconvenience Of Transporting Four Witnesses Cross Country For Depositions That Can Be Taken By Telephone.**

There is no dispute that:

- First Choice contracted to pay ASI $444,000 for armor kits for 16 Ford Excursions and assistance in installation of the first four kits. Lovett Decl. Ex. F.
- First Choice has paid ASI 25% of the purchase order amount.
- The invoice unpaid balance is $333,000.
- The balance of the invoice amount was due within 30 days of completion. *Id.*
- KBR has accepted the 16 armored Ford Excursions and paid First Choice in full. *Id.* Ex. A.
- "The Ford Excursion Project is complete." *Id.*

At the core of this case is whether or not First Choice is permitted to deduct some expense or cost from what it owes ASI and whether ASI is permitted to recover, in addition to the invoice balance, the additional costs and expenses it incurred in providing services beyond those required in the purchase order.

Page 6 -     MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
             PROTECTIVE ORDER REGARDING TELEPHONIC DEPOSITIONS

D.  **"The Most Significant Witness" Will Appear in Person for Deposition In This District.**

Jim Henry is one of ASI's Founders and its Chief Technology Officer. He was also ASI's project manager on the Ford Excursion Project and was in charge of ASI's installation team in Brockton. For many weeks Mr. Henry worked full time on the Project. Mr. Henry oversaw all technical aspects of ASI's work, from design and production of the armor through installation. It is no surprise, then, that First Choice's counsel wrote that "Jim Henry is, of course, perhaps the most significant witness." Lovett Decl. Ex. B (9/15/05 email O'Connor to Lovett.) Mr. Henry will appear for deposition in person in this district.

E.  **The Three Other Deposition Witnesses Had Limited Involvement In The Project.**

Colin Henry was one of the ASI employees on the installation team in Brockton and helped create some of the armor templates.

Bob Marciano is a contracting officer at ASI. Most of his dealings with First Choice involved telephone conversations before the P.O. was sent to ASI, including a call during which the parties discussed pricing. After that, his involvement was limited to a couple of telephone conversations regarding potential delivery dates for the armor kits. After Mr. Marciano had a heated telephone conversation with Ed Dovner (First Choice's project manager, among other positions he holds at First Choice), Mr. Dovner told Mr. Marciano that he no longer wanted to deal with him and that he would deal exclusively with Mr. Henry from that point forward. Mr. Marciano was off the Project weeks before the first kits were delivered to Brockton. Mr. Marciano had no role in the design, manufacture or installation of the armor kits.

Mr. Marciano is not among the 14 individuals listed in ASI's Initial Disclosures as likely to have discoverable information. Lovett Decl. ¶ 12.

Terry Billedeaux is the former President of ASI. Mr. Billedeaux met with Mr. Dovner before First Choice submitted its purchase order, had a few telephone conversations with Mr. Dovner after that, including a call with Mr. Dovner, Mr. Marciano and Randy Wadsworth

Page 7 -  MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
          PROTECTIVE ORDER REGARDING TELEPHONIC DEPOSITIONS

regarding pricing, and wrote a letter to First Choice in mid-February 2005. Mr. Billedeaux had no role in the design, manufacture or installation of the armor kits.

Mr. Billedeaux is not among the 14 individuals identified in ASI's Initial Disclosures as likely to have discoverable information. Lovett Decl. ¶ 12.

The limited knowledge of these witnesses explains why First Choice scheduled the depositions of all four ASI employees to take place in just two days. Lovett Decl. Ex. G (First Choice's Notices of Deposition). First Choice did not anticipate any deposition, not even that of Jim Henry, lasting more than a half day.

**F.   ASI Had No Choice Of Forum.**

ASI would have preferred to bring this case close to home. But the facts did not suggest there was personal jurisdiction and venue over First Choice in the District of Oregon or the Western District of Washington. Lovett Decl. ¶ 3. In fact, ASI had to bring this case in the District of Massachusetts where First Choice resides or not bring it at all. *Id.* ASI had no 'choice of forum.' In those circumstances, even those courts that presume a plaintiff must travel to the forum for deposition, do not require it. *See Abdullah v. Sheridan Square Press, Inc.*, 154 F.R.D. 591, 593 (S.D.N.Y. 1994) citing *Ellis Air Lines v. Bellanca Aircraft Corp.*, 17 F.R.D. 395 (D. Del. 1955). Moreover, in this case the plaintiff's principal witness *is* traveling to the forum for deposition. It is secondary witnesses that plaintiff wants to produce by telephone. ASI is not aware of any case from any district requiring a plaintiff to produce in person for deposition in the forum state every witness the defendant notices for deposition.

**G.   First Choice Hasn't Articulated Any Prejudice It Will Suffer If The Three Depositions Proceed By Telephone.**

First Choice has made no claim that the use of telephone depositions in this case will be inaccurate or untrustworthy, nor does it argue that it will be prejudiced in any way by three depositions, none of which is scheduled to last more than a half day, taking place via telephone rather than in-person.

Page 8 -   MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
            PROTECTIVE ORDER REGARDING TELEPHONIC DEPOSITIONS

## CONCLUSION

To require four ASI employees to travel cross country for depositions would be exceedingly expensive and wasteful considering the nature of the case and the amount in controversy. Federal Rules 1, 26 and 30 support an order permitting ASI to produce its employees for deposition by telephone. That it is willing to send "the most significant witness" cross country to give a deposition is all the more reason to allow it to produce the others by telephone.

DATED: November 15, 2005.

Respectfully submitted,

ARMOR SYSTEMS INTERNATIONAL, INC.
By its attorneys,

_____
Steven T. Lovett (OSB No. 91070)
*Pro hac vice*
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland OR  97204
(503) 224-3380

and

Anthony A. Scibelli (BBO #556507)
SCIBELLI, WHITELEY AND STANGANELLI, LLP
50 Federal Street, Fifth Floor
Boston MA  02110
(617) 227-5725

Page 9 -    MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER REGARDING TELEPHONIC DEPOSITIONS

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER REGARDING TELEPHONIC DEPOSITIONS** on the following named person on the date indicated below by

- ☐ mailing with postage prepaid
- ☒ hand delivery
- ☐ facsimile transmission
- ☐ overnight delivery
- ☐ Email
- ☐ notice of electronic filing using the Cm/ECF system

to said person a true copy thereof, contained in a sealed envelope, addressed to said person at his last-known address indicated below.

David M. O'Connor
John Leone
O'Connor & Associates, LLC
100 State Street, 4th Floor
Boston, MA  02109

Attorney for Defendant First Choice Body Armor & Equipment, Inc.

DATED: November 16, 2005.

_____
ANTHONY A. SCIBELLI (BBO #556507)
Telephone: (617) 227-5725

Attorneys for Plaintiff Armor Systems International, Inc.

Page 1   -   CERTIFICATE OF SERVICE

PortInd3-1533491.1 0060162-00003