UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

ARMOR SYSTEMS INTERNATIONAL,
INC., a Washington corporation,

        Plaintiff,

    v.

FIRST CHOICE BODY ARMOR &
EQUIPMENT, INC., a Massachusetts
corporation,

        Defendant.

Civil Action No. 05-10967 RCL

DECLARATION OF STEVEN T. LOVETT
IN SUPPORT OF MOTION FOR
PROTECTIVE ORDER REGARDING
TELEPHONIC DEPOSITIONS

I, Steven T. Lovett, do hereby state and declare as follows:

1.    I am Oregon counsel for Plaintiff Armor Systems International, Inc. ("ASI") in this matter. I make this statement based on my personal knowledge.

2.    ASI was incorporated on December 26, 2002 and now has 14 employees.

3.    ASI's pre-filing investigation concluded that it was highly unlikely there was personal jurisdiction or venue over Defendant First Choice Body Armor & Equipment, Inc. ("First Choice") in either the District of Oregon or the Western District of Washington. The investigation also concluded that the only jurisdiction in which this case could be brought was the District of Massachusetts.

4.    Attached as Exhibit A is a true and correct copy of Supplemental Answers [to Plaintiff's Interrogatories] of First Choice Armor & Equipment, Inc. with the relevant portions highlighted for the Court's convenience.

Page 1 -    DECLARATION OF STEVEN T. LOVETT IN SUPPORT OF MOTION FOR
               PROTECTIVE ORDER REGARDING TELEPHONIC DEPOSITIONS

5.      In early September 2005 I offered to produce Jim Henry for deposition in the
District of Massachusetts and asked that First Choice stipulate that Mr. Billedeaux, Mr.
Marciano, and Colin Henry may appear by telephone.

6.      Attached as Exhibit B is a true and correct copy of an exchange of emails between
defendant's counsel and me on September 15, 2005 with the relevant portion highlighted for the
Court's convenience.

7.      Attached as Exhibit C is a true and correct copy of a September 23, 2005 letter
from me to defendant's counsel relating to certain discovery issues with the relevant portion on
page 4 highlighted for the Court's convenience.

8.      Attached as Exhibit D is a true and correct copy of an exchange of emails
between defendant's counsel and me on October 18 and 19, 2005 with the relevant portion
highlighted for the Court's convenience.

9.      Attached as Exhibit E is a true and correct copy of an exchange of emails between
defendant's counsel and me on November 4, 2005 with the relevant portions highlighted for the
Court's convenience.

10.     Attached as Exhibit F is a true and correct copy of First Choice Purchase Order
No. 774 faxed from First Choice to ASI on October 13, 2004 and produced in this case by First
Choice at FC000018.

11.     Attached as Exhibit G are First Choice's Notices of Deposition of James Henry,
Colin Henry, Terry Billideaux and Robert Marciano.

12.     Neither Bob Maricano nor Terry Billedeaux were among the 14 individuals listed
in ASI's Initial Disclosures as likely to have discoverable information.

13.     Attached as Exhibit H is a true and correct copy of selected pages from First
Choice's internet site stating that First Choice sells armored vehicles and body armor.

Page 2 -      DECLARATION OF STEVEN T. LOVETT IN SUPPORT OF MOTION FOR
              PROTECTIVE ORDER REGARDING TELEPHONE DEPOSITIONS

14.    The parties originally agreed the depositions would take place the week of September 19, 2005. That was later moved back to the week of October 24 and then to the week of December 12, 2005.

15.    Jim Henry, Colin Henry, Bob Marciano and Terry Billedeaux all live and work in Portland, Oregon/Vancouver, Washington Metropolitan area.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this /5ᵗʰ day of November, 2005 at Portland, Oregon.

Steven T. Lovett

Page 3 -    DECLARATION OF STEVEN T. LOVETT IN SUPPORT OF MOTION FOR
PROTECTIVE ORDER REGARDING TELEPHONE DEPOSITIONS

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
05-10967-RCL

|  |  |
|---|---|
| ARMOR SYSTEMS INTERNATIONAL, INC. | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| FIRST CHOICE BODY ARMOR & EQUIPMENT, INC. | ) ) ) |
| Defendant. | ) ) ) |

## SUPPLEMENTAL ANSWERS
## OF FIRST CHOICE ARMOR & EQUIPMENT, INC.

The defendant, First Choice Armor & Equipment, Inc. (hereinafter, "First Choice"), hereby responds to plaintiff's interrogatories, subject to the following general and specific objections. By furnishing an answer to any interrogatory, First Choice does not waive any of its general or specific objections to that or any other interrogatory.

### GENERAL OBJECTIONS

1.  First Choice objects generally to all of plaintiff's interrogatories insofar as they seek discovery of matters which constitute privileged communications or materials prepared in anticipation of litigation or trial.

2.  First Choice objects generally to all of plaintiff's interrogatories to the extent they seek to impose any objection greater than that mandated by Fed.R.Civ.P. 26 and the Local Rules thereunder.

3.  First Choice states that the following answers are being furnished preliminary and without the benefit of prior discovery. First Choice reserves the right to supplement its answers as further investigation and discovery proceed.

EXHIBIT ___A___
PAGE __1__ OF __3__

RECEIVED
STOEL RIVES LLP
By _____ 10/24/05

INTERROGATORY NO. 1

Describe in detail the status of the Ford Excursion Project including but not limited to the status of armor installation, vehicle deliveries to KBR, vehicle acceptances by KBR (if any of the vehicles have been rejected by KBR, the reasons given for each rejection), and payments you have received.

ANSWER NO. 1

The Ford Excursion Project is complete, notwithstanding the extraordinary problems created by ASI and associated product rejections. First Choice was forced to use another vendor to complete the project. First Choice has now been paid in full from KBR.

SUPPLEMENTAL ANSWER NO. 1

The defendant states that it contracted with CSI in Miami, Florida to complete the project. After completion by CSI, all sixteen vehicles were accepted by KBR. First Choice received a total of 1.6 million dollars in payment from KBR.

## VERIFICATION

I, Karen Herman, hereby depose and say that I am the President of First Choice Body Armor & Equipment, Inc., a defendant in the within action, and that while I do not have personal knowledge of all the facts recited in the foregoing answers to plaintiff's interrogatories, the information contained therein has been collected and made available to me by others, and said answers are true to the best of her information, knowledge and belief, based upon the information made available to me and that therefore the foregoing answers are so verified.

Karen Herman
President
First Choice Armor &
Equipment, Inc.

EXHIBIT ___A___
PAGE _2_ OF _3_

2

As to Objections:

_John A. Leone_
John A. Leone
BBO No. 567416
O'CONNOR & ASSOCIATES, LLC
100 State Street, 4th Floor
Boston, MA 02109
(617) 723-7201

### CERTIFICATE OF SERVICE

I, John A. Leone, hereby certify that on this 20th day of October, 2005, I caused the foregoing to be served by first class mail upon all counsel of record.

_John A. Leone_
John A. Leone

## Lovett, Steven T.

| | |
|---|---|
| **From:** | Lovett, Steven T. |
| **Sent:** | Thursday, September 15, 2005 2:11 PM |
| **To:** | Lovett, Steven T. |
| **Subject:** | email with oconnor re Deposition Scheduling |

Steven T. Lovett
Technology and Intellectual Property Group
Stoel Rives LLP
900 SW Fifth Avenue
Suite 2600
Portland OR   97204
503-294-9364
503-220-2480 (fax)

-----Original Message-----
From: Lovett, Steven T.
Sent: Thursday, September 15, 2005 2:10 PM
To: 'David M. O'Connor'
Cc: 'ascibelli@swsllp.com'
Subject: RE: Deposition Scheduling

Sounds right.  Any reason why we can't agree to exchange documents this week?  If it is
the Protective Order we're waiting on, we could agree to treat all docs as attorneys eyes
only until a PO is in place.

Steven T. Lovett
Technology and Intellectual Property Group
Stoel Rives LLP
900 SW Fifth Avenue
Suite 2600
Portland OR   97204
503-294-9364
503-220-2480 (fax)

-----Original Message-----
From: David M. O'Connor [mailto:doconnor@oconnorandassociates.com]
Sent: Thursday, September 15, 2005 1:58 PM
To: Lovett, Steven T.
Subject: Re: Deposition Scheduling

Steve:

I think getting everyone possible during the same week of Oct. 24 makes
sense given the travel issues. Jim Henry is, of course, perhaps the most
significant witness and I'd like to be sure he is among the first. Also,
without conceding for the moment that First Choice will consent to telephone
deps, it would make sense that there be considerable lead time for those
deps given the awkwardedness of exhibit marking and usage via phone. As
we've not exchanged documents as yet, we might be pushing it to put anyone
in the Oct. 4 timeframe.

I'll check with my client witnesses as to the week of Oct. 24.

Dave

----- Original Message -----
From: "Lovett, Steven T." <STLOVETT@stoel.com>

1

EXHIBIT    D
PAGE   1   OF   2

```
To: <oconnorassc04@conversent.net>
Cc: <ascibelli@swsllp.com>
Sent: Thursday, September 15, 2005 4:46 PM
Subject: Deposition Scheduling


> David -
>
> I have looked into the dates you provided me for rescheduling the
> depositions.
>
> I haven't heard from all my witnesses yet but I can tell you that Oct 4-7
> won't work for at least two (Billedeaux and Marciano) of the witnesses
> you've noticed up who will both be out of the country.  I don't know
> whether or not Jim Henry is available at that time.
>
> As you know, ASI intends to produce via teleconference its witnesses with
> less than a few hours of anticipated deposition testimony.  That would
> include the two witnesses who are unavailable Oct 4-7.  We could move
> those deps to the end of the month and proceed with the other two in the
> Oct 4-7 timeframe, assuming Mr. Henry is available then.  Let me know if
> you want me to pursue that possibility or focus instead on lining all my
> witnesses up for the Oct 25-28 timeframe.
>
> - Steve
>
> Steven T. Lovett
> Technology and Intellectual Property Group
> Stoel Rives LLP
> 900 SW Fifth Avenue
> Suite 2600
> Portland OR  97204
> 503-294-9364
> 503-220-2480 (fax)
```

EXHIBIT B
PAGE 2 OF 2



900 S.W. Fifth Avenue, Suite 2600
Portland, Oregon 97204
main 503.224.3380
fax 503.220.2480
www.stoel.com

STEVEN T. LOVETT
*Direct (503) 294-9364*
stlovett@stoel.com

September 23, 2005

**VIA E-MAIL AND REGULAR MAIL**

David M. O'Connor
O'Connor & Associates
100 State Street
Boston, MA 02109-2306

Re:   *Armor Systems International, Inc. v. First Choice Body Armor & Equipment, Inc.*
      **U.S. District Court of Massachusetts Case No. 05-10967 RCL**

Dear David:

I write to confirm yesterday's discussion among counsel regarding several discovery issues. The
following is based on my notes of the conversation:

## I.   CLARIFICATIONS, AGREEMENTS AND UNRESOLVED DISAGREEMENTS
        IN DISCOVERY

A.    Plaintiff's Responses to Requests for Production Nos. 1-4, 7-11, and 13: Plaintiff
clarified that the phrase "ASI will produce responsive, non-privileged documents" should be
read to include "all" between "produce" and "responsive."

B.    Plaintiff's Response to Request for Production No. 9: Plaintiff will again search for any
photographs, video transcriptions, motion pictures, etc. and will produce any responsive
materials.

C.    Plaintiff's Response to Request for Production No. 14: It is Plaintiff's understanding that
it does not have insurance that would cover any of the claims alleged by Defendant.
Nevertheless, Plaintiff will produce a copy of its insurance policy in effect as of March 2005 and
will provide a copy of the insurance policy that went into effect April 1, 2005 if it is a claims
made policy. If the April 1, 2005 policy is occurrence based, Plaintiff will so inform Defendant.

D.    Defendant's Responses to Requests for Production Nos. 1-6, 8, 10-11, 16-17: Defendant
clarified that its statement that it will produce all documents in its "possession" or which are
"available" should be read to mean all documents in its "possession, custody or control."

Oregon
Washington
California
Utah
Idaho

EXHIBIT ___C___
PAGE _1_ OF _4_



David M. O'Connor
September 23, 2005
Page 2

E.    Defendant's Response to Request for Production No. 3: Defendant acknowledges that documents other than the Vehicle Specifications are requested and will produce all responsive, non-privileged documents in its possession, custody or control.

F.    Defendant's Response to Request for Production No. 5: Based on Plaintiff's clarification that the request should be read to include at its end "related to any of the disputes that are at issue in this lawsuit," Defendant will produce all responsive, non-privileged documents in its possession, custody or control.

G.    Defendant's Response to Request for Production No. 6: Defendant agrees that its response does not address the Request and will change the response and produce documents accordingly.

H.    Defendant's Response to Request for Production No. 7: Defendant agrees that its response is not well taken and will change the response and produce documents accordingly.

I.    Defendant's Response to Request for Production No. 9: The parties disagree on whether Plaintiff's request is objectionable.

J.    Defendant's Responses to Requests for Production Nos. 12 and 13: The dollar figures in Plaintiff's Request Nos. 12 and 13 are taken from the carry over paragraph at the top of page 3 of the February 1, 2005 letter from Defendant's counsel to Terry Billedeaux of Armor Systems International, Inc. ("ASI"). With that clarification, Defendant will produce all responsive, non-privileged documents in its possession, custody or control.

K.    Defendant's Response to Request for Production No. 14: The parties are in disagreement regarding whether or not Plaintiff's request is objectionable.

Plaintiff believes the request is reasonably calculated to lead to the discovery of admissible evidence in at least in two respects: First, responsive materials may support an argument that Defendant hasn't suffered an injury as a result of its alleged loss of future business from KBR (for example, Defendant's economic analysis may support an argument that it only got the Ford Expedition Project from KBR because it was willing to work for little or no profit). Second, the value that Defendant put on the KBR contract is potentially relevant to its damages claim based on Plaintiff's alleged breach of the parties' contract.

EXHIBIT    C
PAGE    2    OF    4



David M. O'Connor
September 23, 2005
Page 3

Defendant does not concede that the Request is appropriate but agreed to search for any profitability analysis relating to the Project.

L.      Defendant's Response to Request for Production No. 15: With Plaintiff's clarification that the request is for documents from October 15, 2004 to the present, Defendant will produce all responsive, non-privileged documents in its possession, custody or control.

M.      Defendant's Responses to Requests for Production Nos. 12, 13 and 14: Defendant's objections to producing "protected and confidential proprietary information and business trade secrets" will be mooted and it will produce all responsive, non-privileged documents upon entry of a two tier protective order.

N.      Defendant's Response to Interrogatory No. 1: Defendant agrees that Plaintiff's interrogatory calls for additional detailed information and will provide same.

O.      Defendant's Response to Interrogatory No. 2: The parties disagree on whether Defendant's response is sufficient.

Plaintiff believes it is entitled the detailed information requested regarding the nature of any breach alleged, what damages apply to which of defendant's claims, the amount of damages sought for each claim and how the damages are calculated.

Defendant responds that it will produce documents pursuant to FRCP 33(d) from which the answer to Interrogatory No. 2 may be derived or ascertained.

Plaintiff disagrees that documents alone are sufficient to provide the specific information on Defendant's damages that Plaintiff has requested and to which it has a right.

## II.     STIPULATED PROTECTIVE ORDER AND FIRST WAVE OF DOCUMENT PRODUCTION

A.      Attached is a form two tier protective order we use regularly in federal court litigation. Let me know if that form is acceptable or if you have any suggested changes.

B.      On Monday we will exchange via overnight mail what documents we have prepared for production. You anticipate getting the KBR documents out by Thursday September 29, 2005. All production documents will be treated as attorneys eyes only until entry of a protective order.

EXHIBIT    C
PAGE    3    OF    4



David M. O'Connor
September 23, 2005
Page 4

## III.    DEPOSITIONS

A.      The parties will continue to keep open the week of October 24, 2005 for depositions.

B.      Plaintiff has proposed producing Colin Henry, Bob Marciano and Terry Billedeaux via telephone and Jim Henry in person.  Defendant will determine whether it will consent to that proposal.

C.      Plaintiff said that Mssrs. Marciano and Billedeaux are scheduled to return from overseas on or about October 22, 2005 and would not have time to prepare to have their for depositions taken and fly across the country the week of October 24.

D.      Plaintiff plans to send out a Rule 30(b)(6) Notice of Deposition of Defendant.

E.      The depositions will take place at the offices of the producing party's Massachusetts counsel.

David, please let me know if you believe I have incorrectly described any aspect of our conversation.

Very truly yours,

Steven T. Lovett

STL:ssb
cc:     Anthony Scibelli
        Clients

EXHIBIT    C
PAGE    4    OF    4

## Lovett, Steven T.

**From:**  Lovett, Steven T.

**Sent:**  Wednesday, October 19, 2005 1:17 PM

**To:**  'John A. Leone'

**Cc:**  'ascibelli@swsllp.com'

**Subject:** RE: ASI v. FCA

John -

I have confirmed that the week of December 12 is the only one of the three you and I agreed to look at during which each of the ASI employees that FCA has asked to depose is available. As that week is one that First Choice also has open, let's book that week. Please confirm when you have done so.

As you know, I have suggested that we save money and time by producing deposition witnesses with less than a half day of anticipated testimony via telephone. Please let me know if FCA agrees to proceed on that basis.

- Steve

Steven T. Lovett
Technology and Intellectual Property Group
Stoel Rives LLP
900 SW Fifth Avenue
Suite 2600
Portland OR 97204
503-294-9364
503-220-2480 (fax)

-----Original Message-----
**From:** John A. Leone [mailto:jleone@oconnorandassociates.com]
**Sent:** Tuesday, October 18, 2005 1:33 PM
**To:** Lovett, Steven T.
**Subject:** ASI v. FCA

Steve:

Getting back to you on depo scheduling. Our people are available every day during the weeks of Nov. 28 and Dec. 12. Waiting to hear back from a couple of people about the week of Dec. 5.

Please advise of your clients' availability.

John A. Leone
O'CONNOR & ASSOCIATES, LLC
100 State Street, 4th Floor
Boston, MA 02109
P: (617) 723-7201
F: (617) 723-7202

EXHIBIT _____D____
PAGE ___l___ OF __l__

## Lovett, Steven T.

**From:** Lovett, Steven T.

**Sent:** Friday, November 04, 2005 3:56 PM

**To:** 'jleone@oconnorandassociates.com'

**Cc:** 'ascibelli@swsllp.com'

**Subject:** FW: ASI v. FCA

John -

Three things:

First, we don't agree that the three gentlemen we've offered to make available for deposition via telephone are major witnesses in this case.  Given their very limited roles in the project, we believe it is a waste of resources to fly those three men across country.  As we have said all along, ASI will produce in person in Massachusetts Jim Henry, ASI's Chief Technology Officer and its manager on the Ford Excursion Project.  As you know, Mr. Henry was also the leader of ASI's team in Brockton and visited KBR in Houston with Mr. Dovner. We will move for a protective order asking the Court to order that ASI need not transport Mssrs. Billedeaux, Marciano or C. Henry across the country so that they can appear in person for depositions in the District of Massachusetts.

Second, we still don't have any documents relating to First Choice's alleged $15,000,000 in damages due to lost business opportunities with KBR.  By the close of business Tuesday November 8 please give me a date in the very near future when we will receive all those documents and all other documents responsive to ASI's requests.  If you fail to provide a date, we will move to compel production .

Third, as mentioned in my November 2, 2005 letter, I have subpoenas prepared for CSI and KBR and need dates when defendant's counsel is available to attend depositions of those two non-parties, assuming defendant wishes to have counsel attend.  By the close of business Tuesday please give me dates when defense counsel is available so that I may include deposition dates in the subpoenas.  If I don't hear from you by then, I will choose a date on my own and hope it works for defense counsel.

I look forward to hearing from you.

- Steve

Steven T. Lovett
Technology and Intellectual Property Group
Stoel Rives LLP
900 SW Fifth Avenue
Suite 2600
Portland OR  97204
503-294-9364
503-220-2480 (fax)

-----Original Message-----
**From:** John A. Leone [mailto:jleone@oconnorandassociates.com]
**Sent:** Friday, November 04, 2005 9:07 AM
**To:** Lovett, Steven T.
**Subject:** ASI v. FCA

Steve:

We have conferred with our client regarding the depositions of Colin Henry, Robert Marciano and Terry Billeadeaux.  We are informed that these individuals had significant involvement in the project.  Accordingly, we are not agreeable to taking telephone depositions of these individuals.

EXHIBIT __E__

PAGE __1__ OF __2__

As you know, we have reserved the week of December 12 for depositions. We propose that Jim Henry's deposition be scheduled first on December 12 and Edward Dovner's deposition proceed on December 13.

It seems that hashing out scheduling for the rest of the week depends on how much time each witness is expected to take. We believe we will need more than a half day for Colin Henry and at least a half day for Marciano and Billeadeaux. Kindly advise how much time you expect to need for the depositions of Ryan Dovner and Jim Merlo.

John A. Leone
O'CONNOR & ASSOCIATES, LLC
100 State Street, 4th Floor
Boston, MA 02109
P: (617) 723-7201
F: (617) 723-7202

EXHIBIT     E
PAGE ___ OF 2

# FIRST CHOICE ARMOR
*With you. For life.*

754 N. Main Street
Brockton, MA 02301
Phone 508 559 0777  Fax 508 941 6841

The following number must appear on all related
correspondence, shipping papers, and invoices:

## P.O. NUMBER: 774

| Vendor: | Ship To: |
|---|---|
| Armor Systems International | Rodman Ford |
| 110 Vancouver Street | 53 Washington Street |
| Vancouver, WA 98660 | Foxboro, MA 02035 |

# PURCHASE ORDER

| P.O. DATE | REQUISITIONER | SHIPPED VIA | F.O.B. POINT | TERMS |
|---|---|---|---|---|
| 10/12/04 | | See below details | | Net 30 |

| QTY | UNIT | DESCRIPTION | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| 16 | | Armored kits Level 1V B6 protection Price includes the following Level 1V B6 protection with additional skid IED protection: | 29175 | 466800.00 |
| | | 1. Skid plates for IEDS, firewall hood, grill, wheel wells, all doors, rear divider partition, door mechanisms and tracking for window with emergency manual opening. A,B, and C pillar protection, roof protection, inside floor protection. Gas tank protection with non explosive foam, armored brush guard in front of the vehicle. Substrate materials may be necessary fasteners, braces, and hinges Rear ballistic partition | | |
| | | 2. Deduct for the inside right and left driver and passenger floors Ballistic protection 12 layers.. | -1200.00 -225.00 | -19200.00 -3600.00 |
| | | 3. ASI will need to send more installers to complete the installation of 4 vehicles. Delivery of the first 4 vehicles will be made not later than weekending November 8th. Deliver and completion will be 3 vehicles per week there after until completion. | | |
| | | FOB; Tigard Oregon All ballistic to be delivered to Rodman Ford Deposit of 25% Balance to be paid 30 days from date of completion of each vehicle. | | |
| | | **TOTAL** | | 444000 |

TOTAL P.02

EXHIBIT ___F___
PAGE ___1___ OF ___1___
FC000018

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05 CV 10967 RCL

ARMOR SYSTEMS                    )
INTERNATIONAL, INC.              )
                                 )
         Plaintiff,              )
                                 )
v.                               )
                                 )
FIRST CHOICE BODY ARMOR &        )
EQUIPMENT, INC.                  )
                                 )
         Defendant.              )
_____)

## NOTICE OF TAKING DEPOSITION

TO:  Steven T. Lovett, Esq.
     STOEL RIVES, LLP
     900 S.W. Fifth Ave., Suite 2600
     Portland, OR  97204

Please take notice that at 9:00 a.m. on Monday, September 19, 2005 at the offices of O'CONNOR & ASSOCIATES, LLC, 100 State Street, Fourth Floor, Boston, Massachusetts 02109, the defendant, First Choice Armor & Equipment, Inc., in this action, by its attorney, will take the deposition upon oral examination of, James Henry, pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before Copley Court Reporting, Notary Public in and for the Commonwealth of Massachusetts, or before some other officer

EXHIBIT    6
PAGE  1 OF 5

authorized by law to administer oaths.   The oral examination

will continue from day to day until completed.

    You are invited to attend and cross-examine.

                    FIRST CHOICE ARMOR &
                    EQUIPMENT, INC.
                    By its attorney,

                    David M. O'Connor
                    BBO No. 554166
                    O'CONNOR & ASSOCIATES, LLC
                    100 State Street, Fourth Floor
                    Boston, MA  02109
                    (617) 723-7201

DATED:   August 30, 2005

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of this document was served
by facsimile and U.S. mail on all counsel of record on August
30, 2005.

                    David M. O'Connor

EXHIBIT   G
PAGE   2  OF  8

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05 CV 10967 RCL

| | |
|---|---|
| ARMOR SYSTEMS | ) |
| INTERNATIONAL, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FIRST CHOICE BODY ARMOR & | ) |
| EQUIPMENT, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

## NOTICE OF TAKING DEPOSITION

TO:  Steven T. Lovett, Esq.
     STOEL RIVES, LLP
     900 S.W. Fifth Ave., Suite 2600
     Portland, OR  97204

Please take notice that at 2:00 p.m. on Monday, September 19, 2005 at the offices of O'CONNOR & ASSOCIATES, LLC, 100 State Street, Fourth Floor, Boston, Massachusetts 02109, the defendant, First Choice Armor & Equipment, Inc., in this action, by its attorney, will take the deposition upon oral examination of, <u>Colin Henry</u>, pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before Copley Court Reporting, Notary Public in and for the Commonwealth of Massachusetts, or before some other officer

EXHIBIT   G
PAGE   3  OF   8

authorized by law to administer oaths.   The oral examination

will continue from day to day until completed.

You are invited to attend and cross-examine.

FIRST CHOICE ARMOR &
EQUIPMENT, INC.
By its attorney,

_Dut_

David M. O'Connor
BBO No. 554166
O'CONNOR & ASSOCIATES, LLC
100 State Street, Fourth Floor
Boston, MA  02109
(617) 723-7201

DATED:  August 30, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served
by facsimile and U.S. mail on all counsel of record on August
30, 2005.

_DusC_

David M. O'Connor

EXHIBIT  E
PAGE  4  OF  8

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05 CV 10967 RCL

|  |  |
|---|---|
| ARMOR SYSTEMS INTERNATIONAL, INC. | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| FIRST CHOICE BODY ARMOR & EQUIPMENT, INC. | ) ) ) |
| Defendant. | ) ) ) |

### NOTICE OF TAKING DEPOSITION

TO: Steven T. Lovett, Esq.
STOEL RIVES, LLP
900 S.W. Fifth Ave., Suite 2600
Portland, OR 97204

Please take notice that at 2:00 p.m. on Tuesday, September 20, 2005 at the offices of O'CONNOR & ASSOCIATES, LLC, 100 State Street, Fourth Floor, Boston, Massachusetts 02109, the defendant, First Choice Armor & Equipment, Inc., in this action, by its attorney, will take the deposition upon oral examination of, Terry Billeadeau, pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before Copley Court Reporting, Notary Public in and for the Commonwealth of Massachusetts, or before some other officer authorized by law to



EXHIBIT G
PAGE 5 OF 8

administer oaths.   The oral examination will continue from day

to day until completed.

     You are invited to attend and cross-examine.


                         FIRST CHOICE ARMOR &
                         EQUIPMENT, INC.
                         By its attorney,


                         _____
                         David M. O'Connor
                         BBO No. 554166
                         O'CONNOR & ASSOCIATES, LLC
                         100 State Street, Fourth Floor
                         Boston, MA  02109
                         (617) 723-7201


DATED:   August 30, 2005


                    **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of this document was served by
facsimile and U.S. mail on all counsel of record on August 30,
2005.


                         _____
                         David M. O'Connor


EXHIBIT    6
PAGE    6    OF    8

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05 CV 10967 RCL

ARMOR SYSTEMS                )
INTERNATIONAL, INC.          )
                             )
          Plaintiff,         )
                             )
v.                           )
                             )
FIRST CHOICE BODY ARMOR &    )
EQUIPMENT, INC.              )
                             )
          Defendant.         )
_____)

## NOTICE OF TAKING DEPOSITION

TO:  Steven T. Lovett, Esq.
     STOEL RIVES, LLP
     900 S.W. Fifth Ave., Suite 2600
     Portland, OR  97204

Please take notice that at 9:00 a.m. on Tuesday, September

20, 2005 at the offices of O'CONNOR & ASSOCIATES, LLC, 100 State

Street, Fourth Floor, Boston, Massachusetts 02109, the

defendant, First Choice Armor & Equipment, Inc., in this action,

by its attorney, will take the deposition upon oral examination

of, Robert Marciano, pursuant to the applicable provisions of

the Federal Rules of Civil Procedure, before Copley Court

Reporting, Notary Public in and for the Commonwealth of

Massachusetts, or before some other officer authorized by law to

EXHIBIT ___6___
PAGE ___1___ OF ___5___

administer oaths.   The oral examination will continue from day

to day until completed.

    You are invited to attend and cross-examine.

                      FIRST CHOICE ARMOR &
                      EQUIPMENT, INC.
                      By its attorney,

                      David M. O'Connor
                      BBO No. 554166
                      O'CONNOR & ASSOCIATES, LLC
                      100 State Street, Fourth Floor
                      Boston, MA  02109
                      (617) 723-7201

DATED:   August 30, 2005

### CERTIFICATE OF SERVICE

    I hereby certify that a copy of this document was served by
facsimile and U.S. mail on all counsel of record on August 30,
2005.

                      David M. O'Connor

EXHIBIT 6
PAGE 8 OF 8





| Vehicle Armor Divison | About Us | Ballistics | Products | Distributors | The Latest | Contact Us |

## First Choice News

- First Choice Armor has introduced its new sizing program Perfect Fit™ Program for concealable, tactical, and correctional body armor. First Choice also has also created a sizing tutorial specifically for male and female concealable body armor.  For more information on the Perfect Fit Program please click here.. To view the concealable vest sizing tutorial choose one of the following:  Click here for male sizing video or Click here for female sizing video.

- **Massachusetts Congressman Stephen Lynch visited First Choice Armor and Equipment to view progress being made in vehicle armor. Click here for the full press release or Click here to view the video clip**

- First Choice Armor, Inc. of Brockton, MA has announced the introduction of its Synergy line of body armor. This latest innovation by First Choice Armor is available in both NIJ (National Institute of Justice) Level II and Level IIIA. Read More

- First Choice Armor develops lightweight composite materials for use in vehicle armor. Read More

- First Choice Armor, in conjunction with 5.11 Tactical, has crafted an exclusive ballistic vest in response to the increased demand for high-level protection in a low-profile design. Read More

-  Royal Canadian Mounted Police Team Selected to Compete in 2005 5.11 Challenge. Read More

- Law enforcement officers from around the world are entering the 5.11 Challenge to win a chance to meet and compete with fellow officers in a series of shooting events this summer at a Five Star lodge on Montana's famous Bighorn River. Read More

- **NIJ** Find First Choice Armor's NIJ certified vests on the JUSTNET body Armor Database HERE.

## Product Highlights



The Definition of Safety.



**Winners from the IACP show in Miami Florida**

Dennis Shaw from McPherson PD Kansas

Grand Prize was a set of Callaway Golf Clubs and Bag

Robert Antonelli Grand River PD Ohio

2nd Prize was a authentically signed putter from Arnold Palmer who officially endorses the Callaway Golf Brand

Titus Malaza of South Africa

3rd Prize was an authentically signed copy of Arnold Palmer's memoirs

EXHIBIT 1
PAGE 1 OF 4



nqa.    U.S. General Services Administration

EXHIBIT H
PAGE 2 OF 4



Purpose | Products | Performance | Contact Us

## Purpose



**CR Flexible™ Armor :: Protection That Conforms**

At First Choice Armor, we are proud to continue our decade-long tradition as an international leader in protective armor solutions by presenting Combat Ready Armor. Our state-of-the-art vehicle and building armor packages give new meaning to personal security.

First Choice recognizes that today's reality requires everyone – military, law enforcement and the general public alike – to invest in higher levels of protection. And whether it concerns your force or your family, there's never room for second best.

First Choice Armor. With you. For Life.





EXHIBIT    H
PAGE    3    OF    4



**FIRST CHOICE ARMOR**
With you. For life.™

Purpose | Products | Performance | Contact Us

Industrial
- CR Rigid Armor
- CR Flexible Armor

Military / GSA
- HMMWV Packages

Commercial Vehicles
- Commercial Vehicle Packages

Marine
- CR Marine 360

In Stock
- Current Inventory

## Products

**Inventory List at Factory as March 15/05**

| Condition | Year | Make | Model | Color |
|---|---|---|---|---|
| New | 2006 | Toyota | Land Cruiser 4.7 VX(petrol) | Silver 01F7 |
| New | 2005 | G M C | Yukon K2500 4wd | Silver Birch |
| New | 2005 | Chevrolet | Suburban K2500 4wd | Silver Birch |
| New | 2006 | Toyota | Land Cruiser 4.7 VX-R | Black |
| New | 2005 | Toyota | Land Cruiser 4.7 VX(petrol) | SONORA GOLD 4R3 |
| New | 2006 | Toyota | Land Cruiser 4.7 VX(petrol) | Silver 1D2 |
| New | 2005 | Chevrolet | Suburban K2500 4wd | Silver Birch |
| New | 2006 | Toyota | Land Cruiser 4.7 VX(petrol) | SONORA GOLD 4R3 |
| New | 2006 | Toyota | Land Cruiser 4.7 VX(petrol) | Black |
| New | 2006 | Toyota | Land Cruiser 4.7 VX(petrol) | Silver 1D2 |
| New | 2006 | Toyota | Land Cruiser 4.7 VX(petrol) | Thunder Gray |
| New | 2005 | Toyota | Land Cruiser 4.7 VX(petrol) | Silver 1D2 |
| New | 2005 | Chevrolet | Suburban K2500 4wd | Silver Birch |
| New | 2006 | Toyota | Land Cruiser 4.7 VX(petrol) | White 0050 |
| New | 2006 | Toyota | Land Cruiser 4.7 VX(petrol) | 4 x various |

*Please contact us for prices and volume discounts*

EXHIBIT H
PAGE 4 OF 4

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DECLARATION OF STEVEN T.**

**LOVETT** on the following named person on the date indicated below by

      ☐   mailing with postage prepaid

      ☒   hand delivery

      ☐   Facsimile transmission

      ☐   overnight delivery

      ☐   Email

      ☐   notice of electronic filing using the Cm/ECF system

to said person a true copy thereof, contained in a sealed envelope, addressed to said person at his

last-known address indicated below.

      David M. O'Connor
      John Leone
      O'Connor & Associates, LLC
      100 State Street, 4th Floor
      Boston, MA  02109

            Attorney for Defendant First Choice Body Armor & Equipment, Inc.

      DATED:  November 16, 2005.

                 ANTHONY A. SCIBELLI (BBO #556505)
                 Telephone:  (617) 227-5725

                 Attorneys for Plaintiff Armor Systems International,
                    Inc.

Page 1  -   CERTIFICATE OF SERVICE