UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARMOR SYSTEMS INTERNATIONAL, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>FIRST CHOICE BODY ARMOR & EQUIPMENT, INC., a Massachusetts corporation,<br><br>Defendant. | Civil Action No. 05-10967 RCL<br><br>PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL |

## INTRODUCTION

Much of the discovery in this case has focused on defendant's counterclaim that it lost millions in future business due to plaintiff's alleged poor performance on a project. Without that counterclaim, this case would be about whether defendant has the right to deduct some amount from the $400,000 or so it owes plaintiff for goods delivered and accepted.

Instead, what should have been a simple business case under Article 2 of the Uniform Commercial Code became something far more complicated. Plaintiff has struggled throughout this case to get defendant to provide evidence of its alleged injury and damages. To date, defendant has failed to produce a computation of its damages, materials upon which that computation is based or materials bearing on the nature and extent of the injuries defendant alleges it suffered, despite its clear obligation to do so. Fed. R. Civ. P. 26(a)(1)(C).

Page 1 - PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

Two of the three categories of materials that are the subject of this motion relate exclusively to defendant's proof of its alleged injury and damages. The other category is based on defendant's failure to perform a meaningful search of its computer system for materials responsive to plaintiff's discovery requests.

## CASE BACKGROUND AND FACTS RELEVANT TO DISCOVERY MATTERS TO BE DECIDED

1.  The Parties.

Plaintiff Armor Systems International, Inc. ("ASI") designs and develops advanced anti-weapon technology, primarily armor.

Defendant First Choice Body Armor & Equipment, Inc. ("First Choice") manufactures and sells protective vests and related body armor.

2.  The Ford Excursion Project.

In late summer 2004, First Choice informed ASI that First Choice was preparing to bid on a project for Kellogg, Brown & Root, a Haliburton Company ("KBR") pursuant to which First Choice would deliver 16 armored Ford Excursions. First Choice wanted ASI to provide a price for supplying those kits.

Ultimately, First Choice ordered from ASI 16 armor protection kits with a unit price of $28,000 per vehicle, or $444,000 total. Incidental to that sale, ASI was to help install the armor kits on the first four vehicles and First Choice was to provide experienced auto body technicians to be trained in installation of the kits and to install the 12 remaining kits. First Choice paid a 25 percent deposit and the $333,000 balance was due 30 days after completion.

In early February 2005, the ASI armor kits began to arrive in Massachusetts and ASI's crew traveled to Foxboro to install the kits on the first four vehicles.

KBR's inspector on-site in Foxboro accepted the first two completed armored vehicles but KBR was unhappy with them when they were delivered to KBR in Houston, Texas. KBR

insisted that First Choice address the aspects of the two vehicles that KBR found unsatisfactory. First Choice did so, and KBR accepted the vehicles.

By the week of March 21, 2005, the kits were fully installed on eight vehicles, largely due to the efforts of ASI's team which, at the urging of First Choice, continued to install armor kits even after installation on the first four vehicles were finished.

3.    <u>In Response to ASI's Invoice, First Choice Threatens Litigation</u>.

Having delivered 16 kits and installed kits on eight vehicles, ASI invoiced First Choice for the contract balance. First Choice responded with a letter from its counsel demanding that ASI return the deposit to "mitigate FCA's ultimate claim for multiple damages." Declaration of Steven T. Lovett in Support of Plaintiff's Motion to Compel ("Lovett Decl.") ¶ 8, Ex. G (3/31/05 O'Connor letter to Lovett). First Choice contended it needed the deposit money so it could be "used to attempt to remediate the shoddy workmanship and related expenses FCA has and will incur in what is now a last-gasp effort to save the contract." *Id.* First Choice concluded the letter by threatening litigation. *Id.*

4.    <u>First Choice is Paid in Full by Its Customer</u>.

All 16 Ford Excursions armored with ASI kits were accepted by KBR. The Ford Excursion Project is complete and KBR paid First Choice the full contract amount of $1.84 million, without penalty. Lovett Decl. Ex. F (Supplemental Answers of First Choice Armor & Equipment, Inc. [to ASI's First Set of Interrogatories]), Ex. D (2/3/06 Deposition of Edward R. Dovner ("Dovner Feb 3. Dep") at 53/5-16. Nevertheless, First Choice refused to pay ASI contending that it lost millions in future business opportunities with KBR because the Excursions were delivered late and because the first two vehicles were not in satisfactory condition when they arrived at KBR in Houston. *See* Appendix A, Answer to Interrogatory No. 2.

On May 10, 2005 ASI filed the present action to collect the balance that First Choice owes it, collect on an invoice on another completed and accepted project for which First Choice

Page 3 – PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

refuses to pay ASI and for payment on work it performed at First Choice's request that was not covered by the purchase order and for which ASI was not paid.

First Choice counterclaimed in an undisclosed amount alleging that it lost future business it would have gotten from KBR but for ASI's alleged failure to perform.

## DISCOVERY STATUS

Discovery closes May 12, 2006. Both parties have answered interrogatories, produced documents in response to requests for production and produced witnesses for deposition.

## DISCOVERY CONFERENCES AND ISSUES REMAINING TO BE DECIDED BY THE COURT

Discovery conferences were held via telephone on February 17, 2006 and March 21, 2006. Lovett Decl., ¶¶ 9, 10. Steven Lovett, counsel for ASI, and John Leone, counsel for First Choice, took part in each of those conferences. *Id.* Each call lasted in excess of 30 minutes. *Id.*

Four matters were discussed during the February 17, 2006 discovery conference, three of which were resolved during that call. Each of those matters are described in Mr. Lovett's February 17, 2006 letter confirming what was discussed during the parties' call. *See* Lovett Decl. Ex. H. The only issue discussed at that conference that remains for the court to decide is whether First Choice should be compelled to search its computer system for responsive email and other electronically stored materials. *See* Lovett Decl. Ex. A at 1-7, Ex. H.

Ten matters were discussed in the conference on March 21, 2006. The parties reached agreement on eight of those matters, each one of which is described in Mr. Lovett's March 21, 2006 confirming letter. Lovett Decl. Ex. I. Two issues remain to be decided by the court. First, whether First Choice should be compelled to produce the pricing on its bids submitted to KBR and the Purchase Orders it received from KBR. Second, whether First Choice should be compelled to produce documents related to revenues, profits and costs on the products that are the subject of any KBR project that First Choice contends it would have won but for ASI's alleged poor performance on the Ford Excursion Project.

Page 4 – PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

On April 5, 2006, counsel for ASI request a discovery conference to discuss the remaining issues. First choice did not respond to that request. Lovett Decl. ¶ 11, Ex. J.

The interrogatories and requests for production covering the disputed materials are set forth in Appendix A to this memorandum.

## CONTESTED ISSUES

Each of the contested issues are discussed below.

1.    Unredacted Bids to KBR.

At his deposition, First Choice's Rule 30(b)(6) damages witness testified that after ASI's alleged poor performance, First Choice lowered its pricing in bids submitted to KBR to try to regain KBR's business. First Choice asserts its failure to win those projects at what it says was much lower per unit pricing than on previous bids that it won shows that KBR decided not to award projects to First Choice for reasons other than price. See Dovner Feb. 3 Dep. at 80:10-14; 95:2-8. First Choice will argue that reason was ASI's alleged poor performance on the Ford Excursion Project.

First Choice, however, has not produced copies of its bids showing its proposed pricing either before or after the Ford Excursion Project. Nor has First Choice produced KBR purchase orders showing the pricing on KBR projects that First Choice won before and after ASI's alleged poor performance. Lovett Decl. Ex. A (Feb. 27, 2006 Lovett letter to Leone) at 10-11. Instead, it has produced the following documents with the pricing blacked out:

| BID or PO | Starting Bates No. |
|---|---|
| Unknown | 000265 |
| Unknown | 000266 |
| ICO5855 | 000268 |
| VCP3448 | 000274 |
| Unknown | 000276 |
| C02473 | 000279 |
| HO1318 | 000288 |
| VCAP150 | 000296 |
| IGO4741 | 000303 |
| Unknown | 000310 |
| Unknown | 000315 |
| VCG0922 | 000320 |
| B07184 | 000326 |

Page 5 – PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

| BID or PO | Starting Bates No. |
|---|---|
| IGO8667 | 000331 |
| IGO08668 | 000336 |
| VCA6749 | 000342 |
| Z000821 | 000351 |
| IC00411 | 000358 |
| HU04319 | 000363 |
| H01820 | 000372 |
| HO1424 | 000735 |
| HUP8756 | 000745 |
| HO0194 | 000748 |
| RFQ8669 | 000753 |
| HU03080 | 000763 |
| VCW2628 | 000767 |
| VCPG911 | 000773 |
| HO1805 | 000730, 000367 |
| VCG1099 | 000739, 000742 |

*Id.*

First Choice should not be permitted to argue that it lost projects despite greatly reduced pricing without revealing its pricing before and after the Project.

2. <u>Documents Necessary to Show First Choice's Lost Profits</u>.

First Choice has not produced documents evidencing its revenues, profits and costs on the products that were the subject of the KBR projects it contends it did not win because of ASI's alleged poor performance. Lovett Decl. Ex. I (Lovett March 21, 2006 letter to Leone) ¶ 5. Without proof of its revenues, pricing and costs, First Choice cannot prove lost profits. See e.g., *Cambridge Plating Co., Inc. v. Napco, Inc.*, 85 F3d 752, 773 (1st Cir 1996) (plaintiff must prove lost profits in terms of net profits, not gross profits); *Ricky Smith Pontiac, Inc. v. Subaru of New England, Inc.*, 444 NE2d 29, 48 (Mass. App. Ct. 1982) (any direct expenses that would have been incurred in making the lost sales must be deducted from revenue derived before lost profit damages can be determined). First Choice must either produce the evidence of its actual revenues, costs and pricing, or be precluded from pursuing its claim for lost profit damages.

3. <u>First Choice Did Not Perform a Meaningful Search For Responsive Email</u>.

First Choice's President, Edward Dovner, testified that he exchanged email with KBR personnel regarding the Ford Excursion Project in February and March 2005, including email

Page 6 – PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

regarding the condition of the first two vehicles delivered on the Project. Lovett Decl. ¶ 4, Ex. C ("Dovner Feb. 2 Dep.") at 55/21-60/17. That and other email responsive to ASI's requests have not been produced, despite ASI's repeated requests. Lovett Decl. Ex. A at 1-7, Ex. H.

Mr. Dovner testified that First Choice's computer system was searched for email relating to the Ford Excursion Project. Dovner Feb. 3 Dep. at 76/1-76/23. He also testified that at the time this action was filed he instructed others at First Choice to take everything they had relating to the project and print it, *id.* at 78/9-78/20, and that First Choice turned over to its lawyer all documents relating to the Project. *Id.* 76/6-76/20. Mr. Dovner could not explain First Choice's failure to produce email relating to the Project. *Id.* at 76/21-76/23.

Mr. Dovner testified that he did not know how email was kept on First Choice's system, and that the person at First Choice who really knows how the company's email system works is John Blackberg, the company's IT Manager. Dovner Feb. 2 Dep. at 60/5-60/17. On March 28, 2006 ASI took Mr. Blackberg's deposition to determine how First Choice handles its email and what efforts were made to search the First Choice computer system for email and other electronically stored documents responsive to ASI's requests.

    a.    <u>First Choice's Email System</u>.

Mr. Blackberg, First Choice's IT manager, testified as follows:

- First Choice runs the Outlook program for email. Lovett. Dec. Ex. E ("Blackberg Dep") at 4/22-5/4; 8/23-10/7; 13/20-13/22.

- First Choice does not have an email retention policy. *Id.* at 13/23-14/1.

- It is up to individual users to retain or delete email. *Id.* at 14/2-14/8.

- The only way for someone at First Choice to permanently delete an email is to delete it from their deleted box. If an email is deleted from an inbox or sent items box, it remains in that person's deleted box unless and until it is deleted again. *Id.* at 14/9-14/17.

Page 7 – PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

        b.      <u>First Choice's Email Search was Inadequate</u>.

    (i)      <u>The search terms were too narrow and too few files were searched</u>.

The only steps First Choice had its IT manager take to locate email related to this matter was to search the in-boxes, sent-items and deleted items folders of four of First Choice's 35 system users using three search terms, ASI, CSI and KBR. *Id.* at 16/11-20/6. First Choice chose not to use terms such as Excursion or Rodman (the name of the Ford dealer at whose shop the armor kits were installed), nor did it use names such as Billedeaux, Henry or Marciano (ASI personnel involved in the project). None of those terms are unlikely to cause false positives in numbers that would be burdensome for First Choice. First Choice's search terms were too narrow. Not surprisingly, Mr. Blackberg's search turned up only three or four email, each discussing an unrelated bid with KBR. *Id.* at 19/1-19/11.

In addition, personal folders and archived files were not searched. *Id.* at 20/24-21/10. Not even Mr. Dovner's email archive folders and his cabinet were searched. *Id.* at 27/23-28/3.

    (ii)      <u>Email from the relevant time period weren't searched</u>.

Critically, First Choice ordered its IT manager to search for email *after* a particular date. *Id.* at 16/11-17/16. The IT manager could not recall the specific date he was given but did recall that the date was based on a set of email counsel said it already had. Mr. Blackberg was told to look for email only from that point forward. *Id.* Nothing suggests that the email counsel already had was a *complete set* of all email up to the date given Mr. Blackberg. Tellingly, First Choice produced a non-responsive email from Mr. Dovner's computer, dated June 1, 2005, *after* the project was complete, First Choice was paid and suit

Page 8 – PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

was filed. Lovett Dec. ¶ 12, Ex. K, FC000044. If June 1, 2005 was the date Mr. Blackberg used, there is little wonder no responsive documents were located in his search.

Plainly, the date given the IT manager was *after* the events that give rise to this litigation. First Choice's President testified that he exchanged email with KBR personnel regarding the Ford Excursion Project in February and March 2005, including email regarding the condition of the first two vehicles delivered on the Project. Dovner Feb. 2 Dep. at 55/21-60/17. Those email were not identified in Mr. Blackberg's search, which indicates that the earliest date given the IT manager was *after* the critical events here.[1]

In addition, CSI Armoring, the company First Choice eventually hired to install the armor kits First Choice was responsible for installing, exchanged email with First Choice in March and April, 2005, during the critical time period. In fact, CSI produced email from that period in response to ASI's subpoena. Lovett Decl. Ex. B (Exhibits identified in CSI Dep.) Exs. 2, 4, 6, 7, 9, 10. But those email did not turn up in First Choice's search. Blackberg Dep at 19/1-19/11.

Another example of email from this period that First Choice failed to produce are exchanges between Mr. Dovner and ASI's president Terry Billedeaux. These email, produced from ASI's computer system, include email dated January 10 and 11, and February 11, 16 and 17, 2005. First Choice has marked those email as Deposition Exhibit 35 and has questioned several of ASI's witnesses about them. Lovett Decl. ¶ 13, Ex. L. But First Choice cannot

---

[1] The few email that First Choice *has* produced fall into four categories: (1) email that First Choice faxed to its counsel before the litigation began, such as FC000021-22, 30, (2) email from its *counsel's* computer system, (3) an email from Mr. Dovner's computer that has nothing to do with this case, *see* FC000044, and (4) 15 email from the computer of a departed First Choice accounting department employee that First Choice found when reviewing her system. The email on the accounting employee's computer are routine accounting documents of little value in this case. Lovett Decl. ¶ 12, Ex. K.

Page 9 – PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

explain why it hasn't produced those email from its system, suggesting again that the date First Choice gave its IT Manager was after the critical August 2004 to May 2005 time period.

The Billedeaux, CSI and KBR email would all be available for production here so long as they weren't deleted out of Mr. Dovner's deleted items file. Blackberg Dep. at 14/9-14/17. Given that First Choice was threatening ASI with litigation in March 2005, that ASI sued on May 10, 2005 and that Mr. Dovner testified that he instructed his employees to retain their files, those email should have been preserved and should still reside on First Choice's system.

First Choice's half-hearted search does not comply with the requirements of the Federal Rules of Civil Procedure. First Choice was required to search all files on its system where email or other materials relating to the project reasonably might be found and to do so from the time it first started discussing potential business with ASI through the day the project was completed and it was paid in full. Instead, First Choice searched a few selected files using only three search terms and a date range that ensured it found nothing responsive. First Choice need not search every employee's computer. But it must search *all* of Mr. Dovner's files and of others involved in the project using a date range and search terms designed to *find* documents, not avoid them.

ASI respectfully requests that the court order First Choice to search all files on its computer system where any email or other document relating to the Ford Excursion Project reasonably might be found, including archived files, cabinet files, etc. and that it do so using the January 1, 2004 to June 1, 2005 date range and a variety of search terms related to this case.

/ / / / /

/ / / / /

/ / / / /

Page 10 – PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

## CONCLUSION

For the reasons articulated above, ASI respectfully requests that the Court grant its motion to compel and order First Choice to produce all documents in the requested categories and all email or other electronically stored information responsible to ASI's requests.

DATED: April 28, 2006.

        Respectfully submitted,

        ARMOR SYSTEMS INTERNATIONAL, INC.
        By its attorneys,

        _____
        Steven T. Lovett (OSB No. 91070)
        *Pro hac vice*
        STOEL RIVES LLP
        900 SW Fifth Avenue, Suite 2600
        Portland OR 97204
        (503) 224-3380

        and

        Anthony A. Scibelli (BBO #556507)
        SCIBELLI, WHITELEY AND
        STANGANELLI, LLP
        50 Federal Street, Fifth Floor
        Boston MA 02110
        (617) 227-5725

## Appendix A

The Interrogatories and requests for production covering disputed materials are set forth in the attached Appendix A.

**REQUEST NO. 10:**

All documents concerning any damages you purport to have suffered because of a delay in delivery of the armor protection kits for use in the Ford Excursion Project.

**RESPONSE NO. 10:**

Any and all presently available and nonprivileged documents are attached as Exhibit "D." First Choice anticipates supplementing this response as discovery proceeds.

**REQUEST NO. 11:**

All documents concerning any damages you purport to have suffered because of ASI's alleged failure to perform in connection with the Ford Excursion Project, other than a delay in the delivery of the armor protection kits.

**RESPONSE NO. 11:**

See response to Request No. 10.

**INTERROGATORY NO. 2:**

State the basis for the damages you allege you have suffered as a result of ASI's alleged wrongful actions including but not limited to breach of any agreement or warranty or a violation of any common law obligation. Include in your description the nature of the alleged breach and the nature, amount and calculation of the alleged damages.

**ANSWER NO. 2:**

In brief, First Choice sustained substantial out-of-pocket losses which continue to accumulate. A partial list of these is provided in First Choice's response to plaintiff's request for production of documents. Some of these are itemized or are otherwise suggested in its document production. First Choice sustained these damages because ASI failed to provide timely or quality parts and workmanship. First Choice has not received favorable responses from KBR on

Page 1 - APPENDIX A

bids for future projects, evidently due to the problems which arose during the Ford Excursion project due to ASI's failure to provide quality workmanship. More particularly, First Choice understands and believes that ASI's poor performances caused it to loose opportunities for roughly $15 million in contract work with KBR. First Choice warned of this sort of possibility by its counsel's letter of February 1, 2005. This answer may be supplemented as matters proceed.

**REQUEST NO. 18:**

All documents identified or referred to in First Choice's Automatic Disclosures and Interrogatory Responses.

**RESPONSE NO. 18:**

Any and all such documents are attached hereto as Exhibits "A-D." First Choice anticipates supplementing this response

**FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)**

> *Initial Disclosures.* . . . a party must, without awaiting a discovery request, provide to other parties:
>
> . . .
>
> (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

Page 2 – APPENDIX A

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL** on the following named person on the date indicated below by

- ☐ mailing with postage prepaid
- ☐ hand delivery
- ☐ facsimile transmission
- ☐ overnight delivery
- ☒ Email
- ☐ notice of electronic filing using the Cm/ECF system

to said person a true copy thereof, contained in a sealed envelope, addressed to said person at his last-known address indicated below.

    David M. O'Connor
    John Leone
    O'Connor & Associates, LLC
    100 State Street, 4th Floor
    Boston, MA  02109

        Attorney for Defendant First Choice Body Armor & Equipment, Inc.

DATED:  April 28, 2006.

                                            _____
                                            STEVEN T. LOVETT, *Pro Hac Vice*
                                            OSB No. 91070
                                            Telephone:  (503) 224-3380

                                            Attorneys for Plaintiff
                                                Armor Systems International, Inc.

Page 1  -   CERTIFICATE OF SERVICE